Frank A. Gulotta, J.
On this motion to dismiss the complaint for legal insufficiency, pursuant to subdivision 4 of rule 106 much of defendant’s argument is directed to the plausibility of the plaintiffs’ story, and whether the acts complained of ever occurred since the complaint is based only upon information and belief. We are not now, however, concerned with the question of proof since on a motion of this type the allegations must be deemed true.
In sum the complaint states that the plaintiffs, who are Puerto Bicans, contracted to purchase a house in a residential section of Massapequa from one Farber, a builder; that the defendant learned of this and he, acting in concert with others, personally called on Farber and expressed anger at “ colored persons ” moving into the neighborhood, and threatened bodily harm to him, to plaintiffs and to plaintiffs’ children, if the sale were consummated ; that these threats were made with malice and for the purpose of communication to plaintiffs, in order to frighten them into agreeing to rescind the contract of sale; that these threats were communicated to plaintiffs by Farber and that plaintiffs were put in fear of their personal safety and that of their children as a result of which they entered into an agreement rescinding the contract of sale. It is further alleged that, as a result of these threats, both plaintiffs suffered distress, humiliation and emotional shock and were rendered sick and nervous, and that in addition plaintiff Manuel Buiz suffered pecuniary damage in that he had to search for another dwelling and absent himself from his business.
Much of the discussion in the moving brief, in the court’s view, is beside the point. This does not purport to be an action under the new antidiscrimination laws, nor in defamation, nor for • assault, so there is no point in showing its deficiencies in this regard. Neither is it an action in prima facie tort, though it is closely akin to that.
This is an action for a willful and malicious tort, the very purpose of which was to so frighten and distress the plaintiffs that they would surrender their legal right to buy a house where they pleased. These were not mere idle words of disapproval but a specific threat of bodily harm.
The ultimate purpose of keeping “ colored people ” out of the neighborhood could not be accomplished unless the immediate objective of putting them in fear for their safety first succeeded.
In principle this case is not too different from Halio v. Lurie (15 A D 2d 62), where a malicious, sarcastic letter, taunting the *1069 plaintiff with her unsuccessful efforts to marry the defendant was held to be actionable without a showing of special damage.
Battalla v. State of New York (10 N Y 2d 237) is analogous also. There the Court of Appeals overruled the long-established rule of Mitchell v. Rochester Ry. Co. (151 N. Y. 107) that there could be no recovery for negligently causing fright, distress and physical damage, unless there had been an impact and allowed a complaint to stand although no physical contact was involved.'
Deliberate and malevolent conduct, albeit confined to words, is at least as serious a matter, requiring the protection of the law to even a greater degree. (Scheman v. Schlein, 35 Misc 2d 581.)
The fact that the threat was uttered to an intermediary for communication to plaintiffs does not, in any way, detract from its viciousness and illegality. An “ organizer ” who goes into a barber shop and tells an employee to tell the employer to raise the price of haircuts or his shop will be dynamited, would get short shrift with the defense that he did not speak to the employer personally.
For these reasons I believe that defendant must come forward and stand on his position that the episode did not take place and not that he is not liable even if it did happen, which is his position on this motion.
Motion denied.