FLORENCE LONG, Respondent, *v.* BENEFICIAL FINANCE CO. OF NEW YORK, INC., Appellant.

Fourth Department, April 19, 1972.

*Bayer & Dupee (Jon Charles Dupee* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle (Francis E. Kenny* of counsel), for respondent.

MOULE, J. In reviewing the denial of defendant's motion to dismiss the complaint for failure to state a cause of action,

we consider the allegations of the complaint to be. true. (*Williams* v. *Williams*, 23 N Y 2d 592.)

It is alleged in the first cause of action that plaintiff was indebted to defendant in the amount of $1,484.90 but because of unforeseen personal monetary problems was unable to make the payments on the debt; that from the summer of 1969 until February 14, 1970, defendant regularly contacted plaintiff at her place of employment, phoned plaintiff's landlord, relatives and neighbors, and visited plaintiff's home; that defendant's activity was part of a planned program of harassment designed to cause the plaintiff severe mental distress and was done with the vicious and malicious belief that it would cause plaintiff to make payments in excess of what she could afford; and that, as a result of defendant's actions, plaintiff suffered great mental distress, sustained a heart attack on February 14, 1970, incurred medical bills, and will be unable to work again.

It is alleged in the second and fifth causes of action that defendant's actions amounted to harassment in violation of section 240.25 of the Penal Law. It is alleged in the third cause of action that subsequent to February 14, 1970, defendant persisted in its plan to harass, intimidate, annoy and embarrass plaintiff and that plaintiff sustained a second heart attack on May 29, 1970. In the fourth cause of action, it is alleged that after plaintiff sustained a heart attack on February 14, 1970, defendant was put on notice of plaintiff's physical condition, but defendant negligently and with absolute disregard for plaintiff's physical well-being continued in its efforts to collect the debt from plaintiff.

The second and fifth causes of action may be considered together since they allege a violation of section 240.25 of the Penal Law. That section provides:

" A person is guilty of harassment when, with intent to harass, annoy or alarm another person:

" 1. He strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or

" 2. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or

" 3. He follows a person in or about a public place or places; or

" 4. As a student in school, college or other institution of learning, he engages in conduct commonly called hazing; or

" 5. He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose."

We do not find the acts alleged to have been committed by defendant to be a violation of that section.

The fourth cause of action, based on negligence, is insufficient because it sets forth no duty on the part of defendant to collect its debt in a careful manner so as not to cause injury to plaintiff.

The first and third causes of action allege intentional infliction of mental distress and may be considered together. We find no reported case in New York involving intentional infliction of mental distress arising out of a debtor-creditor relationship. However, such a cause of action is recognized by the Restatement and a number of out-of-State cases. (Restatement, Torts 2d, § 46, comment *e*; *Clark* v. *Associated Retail Credit Men*, 105 F. 2d 62; *Barnett* v. *Collection Serv. Co.*, 214 Iowa 1303, and *LaSalle Extension Univ.* v. *Fogarty*, 126 Neb. 457.)

Illustrative of the out-of-State cases is *Clark* v. *Associated Retail Credit Men* (*supra*). There it was alleged in the complaint that plaintiff was the operator of a dry cleaning establishment and required a good credit rating and that defendant was a credit agency; that plaintiff had been ill and had to avoid worry and excitement and defendant knew it, and that defendant undertook to collect a debt from plaintiff and wrote letters threatening plaintiff with an impaired credit rating and thereby aggravated plaintiff's condition and caused him mental and physical agony. The court held that the complaint stated a cause of action and that creditors in collecting accounts must "refrain from conduct intended or likely to cause physical illness." (105 F. 2d 62, 66–67).

While not in a debtor-creditor context, several New York cases have recognized the tort of intentional infliction of mental distress. (*Nader* v. *General Motors Corp.*, 25 N Y 2d 560; *Halio* v. *Lurie*, 15 A D 2d 62; *Ruiz* v. *Bertolotti*, 37 Misc 2d 1067; *Scheman* v. *Schlein*, 35 Misc 2d 581 and *Mitran* v. *Williamson*, 21 Misc 2d 106.)

In *Nader* v. *General Motors Corp.*, the court stated: "where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation, a remedy is available in the form of an action for the intentional infliction of emotional distress" (25 N Y 2d 560, 569).

In *Halio* v. *Lurie* (*supra*, p. 64), it was alleged that defendant mailed a letter to plaintiff in which he "taunted her with her unsuccessful efforts to marry him, intimated that she had made a false claim that he was under an obligation to marry

her, declared that he had avoided marriage to her because he was ' wise to *her* game,' and expressed the view that through the coming years she would be the object of derision and the subject of amusement, on the part of his wife and himself, by reason of her ' phone calls galore.' '' It was also alleged that '' defendant expected and intended that said missive would cause plaintiff to suffer anguish and emotional shock; that it would produce tears and excitement on her part, and other signs of exceptional distress;'' and '' ' That plaintiff was, by the said acts of defendant, made sick, nervous, unable to sleep, and unable to eat and digest her food as before; was compelled to obtain medical aid in an endeavor to restore her health and was made to suffer severe mental anguish, and still suffers the same.' ''

The court stated the intentional infliction of serious mental distress was not a prima facie tort but was an independent tort and actionable per se. It held that the complaint stated a cause of action.

The rationale of *Ruiz* v. *Bertolotti, Scheman* v. *Schlein* and *Mitran* v. *Williamson* (*supra*) is that since negligent infliction of mental distress is actionable (*Battalla* v. *State of New York,* 10 N Y 2d 237), intentional infliction of such injury is likewise actionable.

Considering the foregoing, we conclude that a cause of action for intentional infliction of mental distress does exist in New York. The remaining question is whether it should be considered a separate, independent tort or a prima facie tort.

A prima facie tort is the intentional infliction of temporal harm that cannot be classified as any known tort. (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 83–84.) The injury is ordinarily to trade, occupation, professional reputation or property and usually comprehends interference with some form of contractual relationship (*Brandt* v. *Winchell,* 283 App. Div. 338, 342). A cause of action sounding in a known or recognized tort, e.g., intentional infliction of emotional distress, should not, and indeed cannot, be characterized as a prima facie tort (*Morrison* v. *National Broadcasting Co.,* 19 N Y 2d 453, 458–459; *Alpert* v. *Gordon,* 15 A D 2d 673, 674; *Ruza* v. *Ruza,* 286 App. Div. 767, 769–770).

A complaint which purports to state a cause of action for the intentional infliction of mental distress need not plead special damages (*Halio* v. *Lurie, supra,* p. 65), nor allege that defendant's harmful acts be motivated solely by malice. We conclude that the intentional infliction of emotional distress is

a known and recognized tort and that the existence of a legitimate motive for defendant's actions does not defeat the cause of action.

Our recent decision in *Costlow* v. *Cusimano* (34 A D 2d 196) is not to the contrary. In that case, plaintiffs attempted to allege causes of action for prima facie tort and intentional infliction of mental distress. Both causes of action were considered to be for prima facie tort. There the infliction of mental distress was incidental to defendant's primary business motive and not, as here, a significant part of the chosen plan of harassment employed by defendant to collect its debt from plaintiff.

Despite the general rule that a motion to dismiss a complaint should be denied if any cause of action is sufficient, we are dismissing causes of action two, four, and five on the basis that following the general rule would merely encourage unnecessary multiplicity of proceedings by requiring defendant to move against them. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.44b; *Great Neck Assoc.* v. *Incorporated Vil. of Great Neck Estates,* 26 A D 2d 546.)

Accordingly, the order herein should be modified to the extent that the second, fourth, and fifth causes of action are dismissed.

DelVecchio, J. P., Marsh, Gabrielli and Cardamone, JJ., concur.

Order unanimously modified in accordance with the opinion and as so modified affirmed, without costs.