■ EMBASSY SEWING STORES, INC., et al., Respondents, v. LEUMI FINANCIAL CORPORATION et al., Appellants. (Action No. 1.) (And Two Other Actions.) — Order of the Supreme Court, Westchester County, entered June 28. 1971, affirmed insofar as appealed from. No opinion. Order of the same court, dated February 3, 1971, modified by (1) striking the word "denied" from the first decretal provision thereof, which is addressed to the motion of appellants Leumi Financial Corporation and Philip Cohen to dismiss the counterclaims contained in the replies of plaintiffs in Action No. 1 and the additional defendant Barry L. Schack, and substituting therefor the word "granted" and (2) striking therefrom the third decretal paragraph, which, *inter alia,* granted said appellants leave to serve a separate complaint alleging a cause of action for slander. As so modified, order affirmed. Respondents are granted one bill of $10 costs and disbursements against appellants, to cover the appeals from both orders. The principal action is for an accounting and to recover money damages for breach of contract and conversion. Defendants Leumi and Cohen counterclaimed to recover damages for slander, naming an additional defendant. Plaintiffs and the additional defendant served replies to the counterclaim wherein they "counterclaimed" to recover damages by reason of malicious prosecution and/or abuse of process. We find that these "counterclaims" fail to state a cause of action and should have been dismissed. The gist of an action for abuse of process is the improper use of process after it has been issued (*Williams* v. *Williams,* 23 N Y 2d 592, 596), but that fact is not pleaded here. An action for malicious prosecution does not lie until the complainant can demonstrate a termination in his favor of the proceedings upon which the action is based (see 5 Carmody-Wait 2d, New York Practice, § 29:851, pp. 353–354), but here the prior prosecution, for alleged slander, has not yet terminated. In our opinion the slander counterclaim was properly severed from the principal action. A cross notice of appeal, by Alfred A. Rosenberg, an additional party defendant in Action No. 2 and the plaintiff in Action No. 3, from a portion of the order entered June 28, 1971, is contained in respondents' brief, which brief asks for reversal of said portion of the order. We do not deem this cross notice of appeal as part of the record on appeal; this cross appeal has not been properly perfected; and, accordingly, we do not pass upon the cross appeal. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.