■ SEMPERIT OF AMERICA, INC., Respondent, v TODD EQUIPMENT LEASING COMPANY, INCORPORATED, Appellant.—Order, Supreme Court, New York County, entered on July 15, 1975 granting plaintiff's motion for summary judgment herein and judgment entered thereon on July 21, 1975, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In this action for goods sold and delivered, defendant claims that the goods in question, surgical gloves, were unmerchantable and unfit for the use for which they were intended. No claim was ever raised concerning the purchase and defendant did not return or offer to return the gloves. The majority is convinced that in opposing this motion defendant failed to assemble, lay bare and reveal its proofs. *(Di Sabato v Soffes, 9 AD2d 297.)* Defendant merely submitted a short affidavit from a former employee who purports, without explaining how, to "have knowledge of the quality of the surgeons gloves * * * set forth in Exhibit A of the complaint which were sold to Cenco". Said affiant, who does not allege that he saw or examined the gloves in question, goes on to state that they were defective by reason of poor latex quality, poor and inconsistent powdering and improper molding. No basis for such purported personal knowledge is supplied and no facts concerning the claimed defects are submitted. The self-serving "Cenco returned good slips" annexed to the affidavit are of no probative value, and in fact, pertain to less than $700 worth of gloves out of over $30,000 worth of gloves sold by plaintiff to defendant if they pertain to the gloves in suit at all. Such conclusory affidavit, totally devoid of evidentiary facts, is insufficient to warrant denial of plaintiff's motion for summary judgment. We note that plaintiff's attempts to obtain the deposition of defendant or written interrogatories from it were met with claims of lack of knowledge. It was not until plaintiff's motion for summary judgment was made that defendant came forward with the feeble affidavit in opposition which it now claims is sufficient to warrant denial of that motion. Concur—Birns, Silverman, Capozzoli and Lynch, JJ.; Stevens, P. J., dissents in the following memorandum: I would reverse and deny summary judgment on the ground that a factual issue is raised by the affidavit of Russell Rabjohns which should be resolved at trial *(Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398).

■ JIMLAR CORPORATION, Respondent, v A. J. ARMSTRONG CO., INC., Appellant.—Order and judgment, Supreme Court, New York County, entered on November 7, 1974 and November 13, 1974, respectively, and resettled order entered January 8, 1975, amending the judgment entered November 13, 1974, unanimously affirmed, with $60 costs and disbursements of this appeal to respondent. The record demonstrates no defense to this plaintiff's action for breach of contract and hence the court at Special Term was correct in granting summary judgment. Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.

■ JIMLAR CORPORATION, Appellant, v A. J. ARMSTRONG CO., INC., Respondent.—Judgment, Supreme Court, New York County, entered on April 21, 1975, unanimously affirmed on the decision of Cohen, J., at Trial Term, with $60 costs and disbursements of this appeal to respondent. Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.