FLAKS, ZASLOW & CO., INC., Respondent, v BANK COMPUTER NETWORK CORPORATION, Appellant.

First Department, February 1, 1979

## APPEARANCES OF COUNSEL

*Clark A. Marcus* for appellant.

*Michael C. Devine* of counsel *(Carren C. Kleinman* with him on the brief; *Schwenke & Devine,* attorneys), for respondent.

### OPINION OF THE COURT

EVANS, J.

Plaintiff commenced a breach of contract action against defendant, a corporation organized in Delaware with offices in Chicago, by personal service in Chicago. Defendant answered with a general denial, three affirmative defenses including a claim of lack of jurisdiction over defendant and a counterclaim for a service fee claiming plaintiff's unjust enrichment, and a second counterclaim for attorneys' fees for defending against plaintiff's baseless claim. Plaintiff's original reply demanded dismissal of the two counterclaims.

Defendant subsequently moved to dismiss for lack of jurisdiction, and Special Term referred the question of defendant's "presence" in this jurisdiction to a Referee to hear, report and recommend. The Referee, after hearing, recommended the complaint be dismissed because defendant had not done business in New York for the purpose of sustaining jurisdiction here. The Referee's report was confirmed and subsequently on order of the Supreme Court (HUGHES, J.), the plaintiff's complaint was dismissed for lack of jurisdiction over defendant. Afterward, defendant sought summary judgment on the second counterclaim and thereafter plaintiff cross-moved seeking permission to amend its reply to the counterclaim. In denying defendant's motion the trial court found that "Defendant is unable to demonstrate that plaintiff's conduct in bringing the action in New York was in bad faith or with ill motive."

Attorneys' fees are not usually compensable in the absence of specific statutory authority, or contractual obligation or incident to recovery for certain torts involving malice.

*(Klein v Sharp,* 41 AD2d 926; Crane, Adequacy of Costs Allowable in Litigation, Sixteenth Annual Report of NY Judicial Conference, 1971, pp 246, 251, nn 68-70.) As HELMAN, J. held, defendant made no showing in support of its motion that plaintiff had been motivated by bad faith or ill will in instituting this action. Yet, summary judgment searches the record and, even on appeal, summary judgment can be granted in favor of the nonappealing party. *(De Rosa v Slattery Constr. Co.,* 14 AD2d 278, 280-281, affd 12 NY2d 735; *Video Techniques v Teleprompter Corp.,* 60 AD2d 516.) Since there is no evidentiary support for defendant's second counterclaim, plaintiff was entitled, even in the absence of a cross motion for such relief (CPLR 3212, subd [b]), to summary judgment in its favor on that counterclaim.

■ We also note that, when initially interposed, the second counterclaim was insufficient. An essential element of a cause of action for malicious prosecution requires that the "prior action" have been terminated favorably to the party interposing the malicious prosecution claim. That requirement precludes assertion of a cause of action for malicious prosecution, by way of counterclaim, in the very action alleged to be malicious since the foundation of the right to sue for malicious prosecution does not yet exist. (See, generally, *Belsky v Lowenthal,* 62 AD2d 319; *Peresluha v City of New York,* 60 AD2d 226; *Embassy Sewing Stores v Leumi Fin. Corp.,* 39 AD2d 940; 5 Carmody-Wait 2d, NY Prac, § 29:851, pp 353-354; 36 NY Jur, Malicious Prosecution, § 7.) By the time defendant moved for summary judgment, however, the complaint had been dismissed for lack of in personam jurisdiction, although the plaintiff's claim has now re-emerged in the amended reply. We express no opinion as to whether or not the dismissal of the complaint retroactively cured the insufficiency of the second counterclaim.

■ Usually, the dismissal of the complaint would have been the end of this action. It is certainly well settled that the mere interposition of a counterclaim will not waive a defendant's objection to personal jurisdiction over it. *(Katz & Son Billiard Prods. v Correale & Sons,* 26 AD2d 52, affd 20 NY2d 903.) Defendant, however, engaged in conduct amounting to a waiver when it went far beyond the mere pleading of a counterclaim. Defendant waived its previously sustained jurisdictional objection by moving for summary judgment on its second counterclaim thereby availing itself of a New York

court for affirmative relief. *(Goodman v Solow,* 27 AD2d 920; cf. *Revona Realty Corp. v Wasserman,* 4 AD2d 444, app dsmd 5 NY2d 931; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:60, p 63.)

By virtue of the defendant's waiver, the court at Special Term was on sound ground in permitting the plaintiff to amend the reply to assert a claim for affirmative relief identical to its original claim in the now dismissed complaint. As a result, in this procedurally peculiar case the complaint stands dismissed for lack of in personam jurisdiction while the plaintiff is properly permitted to pursue the same claim through its amended reply to an answer containing a second counterclaim that must now be dismissed as the result of a search of the record on defendant's motion for summary judgment the making of which constituted a waiver of defendant's jurisdictional objection. If "man bites dog" in this case, it is purely the defendant's fault.

Accordingly, the order, Supreme Court, New York County (HELMAN, J.), entered June 15, 1977, denying defendant-appellant's motion for summary judgment on its counterclaim for attorneys' fees and granting plaintiff-respondent's cross motion to amend its reply so as to interpose a counterclaim to defendant's counterclaim should be modified on the law, without costs, to dismiss the second counterclaim and should be otherwise affirmed.

MURPHY, P. J., LUPIANO, MARKEWICH and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on June 15, 1977, unanimously modified, on the law, to dismiss the second counterclaim and otherwise affirmed, without costs, and without disbursements.