■ JOHN M. O'ROURKE et al., Respondents, v PAWLING SAVINGS BANK, Appellant, et al., Defendants. — In an action to recover damages for fraud and the intentional infliction of emotional harm, defendant Pawling Savings Bank appeals from so much of an order of the Supreme Court, Westchester County, dated December 5, 1978, as denied its motion for summary judgment. Order modified, on the law, by deleting from the first decretal paragraph thereof, the words "in all respects denied" and substituting therefor the following: "granted only as to the cause of action for the intentional infliction of emotional harm and is otherwise denied." As so modified, order affirmed insofar as appealed from, without costs or disbursements. In order to sustain an action for the intentional infliction of emotional harm, plaintiffs must show that the appellant bank committed an outrageous act and that the desire to cause plaintiffs emotional distress was more than incidental to proper business motives of the appellant (cf. *Fischer v Maloney,* 43 NY2d 553; *Long v Beneficial Fin. Co. of N.Y.,* 39 AD2d 11). The only acts

plaintiffs claim appellant did to cause them to suffer emotional distress are: (1) forcing an usurious loan on plaintiffs at closing while knowing plaintiffs were distressed because of the alleged harassment they received from the Germanos, and (2) sending plaintiffs a letter on June 20, 1978, which said the appellant would grant plaintiffs a 9½%, 25-year mortgage rather than an 8½%, 20-year mortgage. Plaintiffs also claim appellant's conduct was motivated by its desire to obtain an additional $20,000 in payments during the term of the mortgage. We find that the conduct complained of does not rise to the level of constituting the tort of the intentional infliction of emotional harm (cf. *Halio v Lurie,* 15 AD2d 62; *Long v Beneficial Fin. Co., supra).* With respect to the cause of action for fraud, we agree there are factual issues which preclude summary determination. Hopkins, J.P., Titone, Mangano and O'Connor, JJ., concur.