■ THEODORE WIENER, Appellant, v JUDITH WIENER, Respondent. — In an action to recover damages for conversion, plaintiff appeals from an order of the Supreme Court, Westchester County (Leggett, J.), dated April 24, 1981, which denied his motion to dismiss defendant's second and third counterclaims for failure to state causes of action. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff brought this action against his wife for her alleged conversion of certain property belonging to the parties jointly or to himself alone. In addition to denying his claims, defendant wife interposed, *inter alia,* a counterclaim for intentional infliction of emotional distress and a counterclaim for wrongful institution of a civil proceeding. The former counterclaim was based on such alleged acts as her husband's addressing her in "loud, abusive language", informing her and the family of his loss of any love for her, staying away from the marital home, refusing to pay family expenses, and removing her from control of the family budget. The latter was based on the institution of the instant action with intent to compel her to agree to a dissolution of the marriage. Special Term denied the husband's motion to dismiss these counterclaims on the ground that a married woman has a right of action against her husband for his wrongful or tortious acts (General Obligations Law, § 3-313). This was error. Plaintiff husband had not raised an objection based on the wife's common-law disability long since lifted by this statutory provision; nor has this provision been interpreted as an enlargement of marital rights (see *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 591). Instead, plaintiff argued that the law would take cognizance of the alleged acts only by way of a matrimonial action. We agree. The counterclaim for intentional infliction of emotional distress alleges a number of acts that culminated in "severe emotional and mental suffering and distress, sleeplessness and aggravation, all of which, in turn, caused plaintiff *[sic]* to become physically debilitated." Absent physical contact or direct physical injury, however, the acts complained of do not amount to a cognizable cause of action in tort unless they constituted conduct "beyond all reasonable bounds of decency". (See *Halio v Lurie,* 15 AD2d 62, 67.) The Court of Appeals in *Weicker v Weicker* (22 NY2d 8, 11) pointed out that, assuming such a tort existed in this State, strong policy considerations militated against its introduction to disputes arising out of marital differences. Permitting damages in such cases

would result in evils "not unlike" those avoided by the Legislature's outlawing actions for alienation of affections and criminal conversation (see Civil Rights Law, § 80-a). Later, in *Fischer v Maloney* (43 NY2d 553, 557-558) the Court of Appeals gave limited approval to the tort, without undertaking "to delineate the boundaries of this emerging ground of tort liability", citing *Halio v Lurie (supra)* and *Long v Beneficial Fin. Co.* (39 AD2d 11, 14-15). But the court did accept as a necessary element of the tort the need to allege conduct that "exceed[s] all bounds usually tolerated by decent society", citing Prosser on Torts ([4th ed], § 12, p 56), or that is "extreme and outrageous", citing subdivision (1) of section 46 of the Restatement of Torts, Second. It would appear beyond cavil that the "bounds of decency" vary from legal relationship to legal relationship (e.g., tenant-shareholder and landlord-corporation in *Fischer v Maloney, supra,* or debtor and creditor in *Long v Beneficial Fin. Co., supra).* The bounds in marital relationships are obviously circumscribed by the availability of another cause of action (i.e., a matrimonial action) and the abolition of causes for alienation of affections and criminal conversation. The allegations contained in defendant wife's second counterclaim cannot be said to be other than garden-variety disputes best resolved by bringing an action under the Domestic Relations Law or Family Court Act. No cause of action was stated for the tort of intentional infliction of emotional distress. The counterclaim for wrongful institution of a civil proceeding should also have been dismissed for failing to state a cause of action. In addition to failing to plead that the civil proceeding involved wrongful interference with her person or property (see *Chappelle v Gross,* 26 AD2d 340; *Metromedia, Inc. v Mandel,* 21 AD2d 219, affd 15 NY2d 616), defendant's claim is premature. The civil proceeding complained of is the very action in which she asserts this counterclaim. Because an element of the cause is prior termination of the objectionable civil action in the injured party's favor, the cause of action for wrongful institution of a civil proceeding does not accrue until such termination; therefore, such a cause cannot be interposed in a counterclaim in the very civil proceeding that was allegedly instituted wrongfully (see *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, 366, app dsmd 47 NY2d 951; *Embassy Sewing Stores v Leumi Fin. Corp.,* 39 AD2d 940). Accordingly, plaintiff's motion to dismiss these two counterclaims should have been granted. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.