OPINION OF THE COURT
Robert A. Harlem, J.
The defendant, Anthony E. Peter, moves for summary judgment.
The nature of the action can be more readily understood if it were presented by a recitation of the facts. The plaintiff was married to the defendant, Robert F. Langley, on December 20, 1957, and there were three children of this union, namely, Daniel, Matthew and John, all of whom are plaintiffs herein. These spouses entered into a separation agreement on December 22,1976, the same calling for the payment of alimony to the plaintiff in the amount of $7,000 per year, the obligation to continue until the plaintiff remarried. A conversion divorce was obtained on March 8, 1978, and the terms of the separation agreement were incorporated in the decree.
*560 The plaintiff married the defendant, Anthony E. Peter, on November 22, 1979, thus ending the obligation of Robert Langley to continue payment of alimony. On December 17, 1979, Anthony E. Peter commenced an action for divorce against this plaintiff upon the grounds of cruel and inhuman treatment. A stipulation was entered into on August 18, 1980 whereby the plaintiff agreed to accept from Anthony E. Peter two lump-sum payments as alimony in full satisfaction of any further obligation on his part to provide her with support. On October 21, 1980 a judgment of divorce was granted to Anthony E. Peter dissolving the marriage because of the cruel and inhuman conduct of this plaintiff.
It is now alleged by the plaintiff that these defendants conspired to deprive her of her alimony under the terms of the separation agreement which she entered into with her first husband, Robert F. Langley.
For the purposes of this decision the basis for the claim of the conspiracy to defraud need not be discussed. The facts recited are essentially as those claimed by this plaintiff. The motion for summary judgment must be granted. Even if it Were assumed for the purposes of this motion that all of the claims of the plaintiff are true, there is no basis upon which she may be afforded the relief sought.
When the plaintiff entered into her second marriage, she was clothed with the right to seek and obtain the same sustenance which any other wife could expect of her husband. Those rights could not become any greater, nor could they be diminished, as a consequence of any fraud or other type of devious or improper conduct on the part of each of her husbands. Her right to be sustained continued as long as she was the wife of her second husband, and could even endure beyond a dissolution of the marriage if there were no legal inhibitions. The events which resulted in the failure of her second marriage have been judicially determined to be the fault of the plaintiff herself. Even in the face of the so-called alleged conspiracy, it was the plaintiff’s conduct which caused a termination of her second marriage and the loss of her right to continued support. The second divorce action was commenced, according to the judgment, on December 17,1979, prior to the effective date *561 of the amendment of section 236 of the Domestic Relations Law. Under the old provisions, the fault of a spouse operated to deprive her or him of any right to continued alimony (Aleszczyk v Aleszczyk, 55 AD2d 840; see, also, Tucker v Tucker, 55 NY2d 378, as to lack of retroactive effect of part B of section 236 of the Domestic Relations Law). The fact that the two husbands may have conspired did not enhance the plaintiff’s right to receive continued alimony in the face of her own misconduct as the law existed at that time.
In view of the observations made, the so-called causes of action of Celia Langley must fail.
Actions are also brought by this same plaintiff on behalf of her three children who were born of the first marriage. These claims must also fail.
In the complaint it is claimed that the children seek recovery for “extreme emotional distress” and the “severe psychological damage” that the children suffered. If there were a breach of duty on the part of Anthony E. Peter to deal honestly and fairly with Celia Langley, this would serve as no basis for imposing liability to the children in the absence of any independent duty owed by this defendant to the children (cf. Palsgrafv Long Is. R.R. Co., 248 NY 339).
Under section 415 of the Family Court Act an obligation is imposed upon stepfathers to provide support for stepchildren. If this action constitutes such an effort, the procedure by which relief is being sought is improper, since it should be a proceeding to amend the divorce decree or in furtherance of a provision of that decree. In any event, the apparent weight of authority is inclined towards a limited interpretation and application of this section. Under the common law there was no such obligation to provide support (see Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 415). The criticism stems from the assertion that there is no legally cognizable relationship between a stepparent and a stepchild from which would flow an obligation to provide support.
The plaintiff places reliance upon Little v Streater (452 US 1), wherein the court stresses the importance of famil *562 ial bonds, whether legitimized by marriage, and requires procedural fairness in both the termination and imposition of those bonds. The generality of the language relied upon by the plaintiffs and an examination of the context in which the language is used — Little involved the availability of blood-grouping tests to indigent defendants in paternity proceedings — makes it clear that the language is of little relevance here. In the action before this court there is no natural familial bond between Anthony E. Peter and the children, and none was ever established by adoption.
The last possible basis for liability of Anthony E. Peter could rest upon a duty that this defendant was to refrain from intentionally inflicting severe emotional distress on these plaintiffs. In Halio v Lurie (15 AD2d 62), it was held that there may be a recovery for the intentional infliction of mental distress without proof of the breach of any duty other than that to refrain from inflicting it. The court therein stated that to give rise to such liability the conduct of the defendant must be beyond all reasonable bounds of decency. This same type of action was recognized by the Fourth Department in Long v Beneficial Fin. Co. of N. Y. (39 AD2d 11). The Court of Appeals sanctioned such a cause of action in Fischer v Maloney (43 NY2d 553). It was therein said that to sustain such an action the conduct must exceed all bounds usually tolerated by a decent society. While the court declined to delineate the boundaries of what it characterized as an emerging ground of tort liability, it did adopt the definition set forth in the Restatement, Torts 2d, as follows: “One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress” (§ 46, subd [1]; see for one aspect Comment d: “Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community”).
In judicial renditions sent forth subsequent to these decisions, the courts have addressed such actions as in Wiener v Wiener (84 AD2d 814), where the conduct arose during the course of a marriage, the defendant being left to *563 relief available under the matrimonial statutes; Macey v New York State Elec. & Gas Corp. (80 AD2d 669), where the complaint was sustained when it alleged that the defendant refused to restore power to the plaintiff at her residence until she agreed to post a $500 deposit and legally separate from her husband, such latter condition having been considered to be against public policy; in O'Rourke v Pawling Sav. Bank (80 AD2d 847, app dsmd 54 NY2d 641), where the complaint was dismissed when it was asserted that the defendant attempted to abstract a usurious rate of interest from the plaintiff; in Luciano v Handcock (78 AD2d 943), where the complaint was dismissed where the action was brought upon a claim that the defendant psychiatrist submitted a report in a custody proceeding wherein a recommendation was made that custody be given to the plaintiff’s husband; in Harris v Camilleri (77 AD2d 861), when the complaint was dismissed where it was alleged that a bank officer forged the plaintiff’s name to a loan guarantee; in Sherbak v Doughty (72 AD2d 548, app and cross app dsmd 48 AD2d 1026), where it was said that the conduct of an attorney, while constituting malpractice, did not form a basis for the cause of action for intentional infliction of emotional distress where the lawyer undertook to represent both sides in a real estate transaction and then engaged in activities inimical to plaintiffs’ interests, including the commencement of an action against the plaintiffs; in Nestlerode v Federal Ins. Co. (66 AD2d 504, mot for lv to app den 48 NY2d 604), where the action was dismissed where plaintiff claimed that the conduct of the attorney for the defendant in a previous action wherein this plaintiff was a chief witness against, the defendant caused great anxiety and emotional distress; in Cohen v Varig Airlines (62 AD2d 324), when the claim was dismissed where it was predicated upon a loss of the plaintiffs’ baggage which required them to tour South America and attend formal social functions dressed in inappropriate or ill-fitting attire.
In all of the cases cited, there is generally a thread of the breach of some other duty, and on occasions a violation of standards such as disciplinary rules for attorneys or a violation of the Warsaw Convention, but the courts uni *564 formly rejected even this type of conduct as a basis for a claim of intentional infliction of emotional distress.
While the allegations of this complaint may not cast the defendant, Anthony E. Peter, in praiseworthy light, and while some people may consider the alleged conduct as improper or dishonorable, it cannot be said that it rises to the level of outrageous behavior which could not be tolerated in a civilized society. It is therefore the conclusion of this court that the complaint as to the children must be dismissed.
The motion for summary judgment is granted, without motion costs, and counsel for the defendant, Anthony E. Peter, shall submit an order in conformity herewith.