■ STEVEN HENAGHAN, Appellant, v ANGELA DICUIA, Respondent. — In an action to recover damages for intentional infliction of severe emotional distress, plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 18, 1982, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with costs, and defendant's motion denied. A cause of action for intentional infliction of severe emotional distress is actionable per se and need not allege special damages (*Long v Beneficial Fin. Co.,* 39 AD2d 11, 14; *Halio v Lurie,* 15 AD2d 62, 65). Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.

■ SOL KANOV et al., Plaintiffs, v JOHN RUGGIERO, INC., et al., Defendants. (And a Third-Party Action.) (Action No. 1.) MERGE Co., Respondent, v JOHN RUGGIERO, INC., Appellant, et al., Defendant. (And a Third-Party Action.) (Action No. 2.) — Order of the Supreme Court, Nassau County (Becker, J.), entered January 25, 1983, affirmed insofar as appealed from, without costs or disbursements. (See *Mint Factors v Goldman,* 74 AD2d 599.) Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.

■ ANIL KUMAR, Appellant, v VINOD KUMAR, Respondent. — Order of the Supreme Court, Queens County (Miller, J.), dated April 20, 1983, affirmed, with costs. No opinion. We note that following the hearing to be held in this case, Special Term should set forth the factors on which it bases its decision (Domestic Relations Law, § 236, part B; *Nielsen v Nielsen,* 91 AD2d 1016). Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.