OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff moves pursuant to CPLR 3211 to strike the defense of lack of jurisdiction pleaded by the defendant in his answer or in the alternative, for an immediate traverse hearing to determine the adequacy of service.
Plaintiffs allege that the defendant, by asserting three unrelated counterclaims to the main action, waived the defense of lack of jurisdiction and, therefore, that defense should be stricken out. Defendant claims that before a jurisdictional defense is deemed waived, a defendant must do more than simply interpose a counterclaim whether or not the counterclaim is related or unrelated to the cause of action pleaded by plaintiff. Moreover, defendant contends that his counterclaims are related to the plaintiffs’ cause of action.
The question of whether an affirmative defense of lack of jurisdiction is waived after defendant, in addition to pleading such affirmative defense, pleads a counterclaim, has been considered before by the courts. The problem is that it has been considered only with regard to the defendant pleading a related counterclaim but not with reference to pleading an unrelated counterclaim. The CPLR Supplementary Practice Commentary by David Siegel comments about this situation: “[A] defendant with an objection to personal jurisdiction does not waive it by asserting it by way of affirmative defense in an answer and then adding a counterclaim * * * The mere assertion of the counterclaim, at least a related counterclaim, would not be deemed to waive the jurisdictional objection, because [it] would negate the option the CPLR confers on a defendant with a jurisdictional *192 objection: to take it either by motion under CPLR 3211(a)(8) or as a defense in the answer.” (McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR 03211:60, p 7; emphasis supplied.) Professor Siegel seems confident as to how the court would handle a related counterclaim. However, with reference to an unrelated counterclaim, the law is still in a state of flux.
The law is well settled that a defendant does not waive his jurisdictional affirmative defense upon the mere pleading of a related counterclaim in his answer. (See Katz & Son Billiard Prods, v Correale & Sons, 26 AD2d 52, affd 20 NY2d 903; Flaks, Zaslow & Co. v Bank Computer Network Corp., 66 AD2d 363; Calloway v National Servs. Inds., 93 AD2d 734; Provosty v Lydia Hall Hosp., 91 AD2d 658.) However, if the defendant engages in conduct that goes beyond mere pleading of a counterclaim, such as moving for summary judgment, the defendant would then waive his jurisdictional objection (Flaks, Zaslow & Co. v Bank Computer Network Corp., supra). It is necessary in this case, however, to consider whether the affirmative defense will be waived in light of the defendant pleading an unrelated counterclaim. The court has examined the case law and does not find a case that directly addresses this point.
The reported case speaks of what happens to the affirmative defense when a related counterclaim is pleaded but not as to what results when an unrelated counterclaim is pleaded in an answer. Even the Commentary of David Siegel speaks of related counterclaims and does not provide a solution when there is an unrelated counterclaim.
The definition of a related claim is a claim which may be proved by substantially the same facts. (See Peterson System v Morgan, 224 F Supp 957, 958.)
The court has examined the counterclaims asserted by the defendant and finds that the last three counterclaims are not substantially the same facts as those in the main action. However, although defendant pleads unrelated counterclaims, he, in this situation, has done nothing more than just plead. The court is not prepared to say that the mere pleading of an unrelated counterclaim by a defendant without anything more waives an affirmative defense of lack of jurisdiction over the person and finds that merely pleading unrelated counterclaims does not constitute a waiver of the defense. The logic underlying the determination that mere pleading of a related counterclaim without doing more is equally appealing in the case of unrelated counterclaims.
*193 It is not the pleading which constitutes the waiver. Affirmative action to prosecute the counterclaim is the trigger which sets off the waiver.
The court will, however, grant a traverse hearing to determine the validity of the service of the summons. This case is referred to Special Term, Part II, for a hearing with reference to validity of the service.
The defendant is directed to take whatever steps are necessary to place this matter on the calendar for hearing within 20 days hereof and to pay the necessary fees.