■ ALBANY MIRON LUMBER CORPORATION, Appellant, v VINCE BARR, Doing Business as BARR CONSTRUCTION COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered February 6, 1985 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff is a lumber and building materials retailer and defendant is a building contractor. During the period between November 1, 1982 and September 30, 1983, at defendant's request, plaintiff delivered building materials to defendant having a value and agreed price of $22,297.69. Defendant failed to pay $8,529.40 of that amount. Plaintiff subsequently commenced this action seeking the amount due. Defendant's answer contained a counterclaim asserting that plaintiff breached the contract by failing to make timely delivery of the building materials. Plaintiff moved for summary judgment and Special Term denied the motion, finding that questions of fact existed as to the counterclaim interposed by defendant. Plaintiff appeals.

In his answer, defendant admits that his business purchased and received delivery of the building supplies. Nowhere in the record does defendant dispute the dollar amount that plaintiff claims. Consequently, the dispositive issue is whether there is merit to defendant's allegation that plaintiff failed to make timely delivery of the building materials.

Plaintiff's motion for summary judgment is supported by a detailed affidavit by its operations manager setting forth specific dates, dollar amounts, and the amount due and owing from defendant. Defendant's affidavit submitted in response contains absolutely nothing which could be admitted at trial to support the counterclaim. The affidavit is completely conclusory and devoid of facts. It fails to identify a single instance during a period of 11 months when plaintiff failed to deliver the materials on time. Neither does defendant's affidavit deny plaintiff's statement that defendant never complained of late delivery until this lawsuit was commenced. Defendant also fails to explain why he continued to telephone orders to plaintiff in relatively small amounts in spite of the fact that he now claims that late deliveries damaged him in the amount of $50,000. Thus, defendant's opposition to plaintiff's motion is inadequate (see, Zuckerman v City of New York, 49 NY2d 557, 562-563; Semperit of Am. v Todd Equip. Leasing Co., 51 AD2d 908, affd 41 NY2d 933). Although plaintiff did not cross-move for such relief, where there is no evidentiary support for defendant's counterclaim, this court is empowered to dismiss it (Flaks, Zaslow & Co. v Bank Computer Network Corp., 66 AD2d 363, appeal dismissed 47 NY2d 951; see, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-112).

Order reversed, on the law, with costs, motion granted, summary judgment awarded in favor of plaintiff and defendant's counterclaim dismissed. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.