Rosalie E. WHITTINGTON, Appellant,

v.

Ronald L. WHITTINGTON, Appellee.

No. 88–CA–677–S.

Court of Appeals of Kentucky.

March 3, 1989.

Richard T. Ford, Owensboro, for appellant.

Ronald Pressor, Owensboro, for appellee.

Before CLAYTON, HOWARD and LESTER, JJ.

HOWARD, Judge.

In the course of their divorce proceeding, Mrs. Whittington filed a complaint alleging Mr. Whittington had committed the tort of outrageous conduct causing severe emotional distress. The complaint was dismissed by the Daviess Circuit Court for failure to state a cause of action and Mrs. Whittington now appeals.

According to the complaint filed by Mrs. Whittington, the parties were living in Arizona as husband and wife when, in June of 1986, she and their two children moved to Kentucky in anticipation of the termination of Mr. Whittington's job. Mr. Whittington remained in Arizona to sell the marital residence before joining the rest of the family in Kentucky. Mrs. Whittington executed a power of attorney so that Mr. Whittington could sell the residence.

Mr. Whittington, however, chose to remain in Arizona and began cohabiting with a woman. In December of 1986, Mr. Whittington filed for divorce in Arizona. Mrs. Whittington revoked the power of attorney, filed for divorce in Kentucky, and filed a motion for prejudgment attachment of all marital assets. The motion was granted. Personal service was obtained upon Mr. Whittington when he came to Kentucky to get Mrs. Whittington's endorsement on the equity check received from the sale of the marital residence.

Mr. Whittington refused to surrender the check, failed to turn over to Mrs. Whittington an automobile awarded to her by the Daviess Circuit Court, left the state of Kentucky, forged Mrs. Whittington's endorsement on the equity check, and then cashed and spent the check. He attempted to convert Mrs. Whittington's retirement plan and did convert his own. He then took up residence with his paramour in the state of Virginia.

During the divorce proceedings, Mr. Whittington received the parties' tax refund check and, after endorsing it with Mrs. Whittington's name, cashed and spent it in disregard of the pending order of attachment. Mr. Whittington also disposed of all the parties' bank accounts (approximately $30,000), including the savings accounts belonging to their two sons (approximately $600).

During the divorce proceeding, Mr. Whittington repeatedly threatened Mrs. Whittington that he would leave the country and she would receive nothing unless she agreed to a settlement on his terms. Be-

cause Mr. Whittington initially refused to provide the court-ordered support, it was necessary to redeem Mrs. Whittington's insurance policies so that she and her children would have funds for living expenses.

Mrs. Whittington further alleged 1) that the above mentioned facts constitute outrageous and intolerable conduct, 2) that Mr. Whittington knew or should have known, and therefore intended, that his outrageous conduct would cause her severe emotional distress, 3) that she did in fact suffer severe emotional distress, and 4) that there was a causal connection between Mr. Whittington's outrageous conduct and her severe emotional distress. She sought both actual and punitive damages.

Mr. Whittington filed a motion before the court to dismiss Mrs. Whittington's complaint for failure to state a cause of action. Under Civil Rule 12.02, failure to state a cause of action is an affirmative defense. In the accompanying memorandum, Mr. Whittington contested the factual and legal allegations and stated that the same allegations had been raised in the divorce proceeding and most, if not all, of the factual issues had been resolved against Mrs. Whittington.

The court granted Mr. Whittington's motion and dismissed the complaint. In its order and opinion, the court stated it had "examined each allegation in [Mrs. Whittington's] complaint and finds not one that reaches the tort of outrage. Perhaps the most offensive conduct complained of is fraud and adultery, two of the most routine cause of divorce litigation. As far as this Court is concerned, ordinary fraud and adultery can never reach the status of outrageous conduct."

In *Craft v. Rice*, KY., 671 S.W.2d 247 (1984), the Kentucky Supreme Court recognized the tort of outrage as defined in Section 46 of the American Law Institute's Restatement (Second) of Torts. Section 46 is followed by comments and illustrations further explaining the tort and its applicability. Comment h provides for the court to make the initial determination whether the conduct complained of can reasonably be regarded as so extreme and outrageous

as to permit recovery. The trial court cited this comment in its opinion and found the conduct of Mr. Whittington not sufficiently outrageous to warrant relief.

When the court is faced with a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and all allegations are taken as true. *Gall v. Scroggy*, Ky.App., 725 S.W.2d 867 (1987). Assuming all the allegations against Mr. Whittington to be true, we must nonetheless agree with the trial court's conclusion that the actions complained of fail to reach the level of outrageousness necessary for liability under this tort.

In *Zurich Ins. Co. v. Mitchell*, Ky., 712 S.W.2d 340 (1986), the tort was likened to the criminal action of harassment and liability was found in *Craft, supra*, when a former county sheriff placed the plaintiffs under surveillance and subjected them to repeated verbal harassment. We turn to decisions of other jurisdictions for guidance in applying this tort to the area of domestic relations. In *Murphy v. Murphy*, 109 A.D. 2d 965, 486 N.Y.S.2d 457 (Sup.Ct.1985), liability for outrageous behavior was found as a result of property destruction, forcible entry, threats, assault and abusive conduct. However, in *Wiener v. Wiener*, 84 A.D.2d 814, 444 N.Y.S.2d 130 (Sup.Ct.1981), the court found the acts complained of to be no more than disputes which could best be resolved under the state's domestic relations laws. Also, in *Langley v. Langley*, 118 Misc.2d 559, 461 N.Y.S.2d 202 (Sup.Ct. 1983), the court found that one party's failure or refusal to deal honestly and fairly with the other did not rise to the level of outrageous conduct intolerable in a civilized society.

After reviewing the applicable Kentucky case law, the above cited cases from outside this Commonwealth and the explanatory comments and illustrations accompanying Section 46, we find no error on the part of the Daviess Circuit Court. While we cannot condone or excuse Mr. Whittington's reprehensible actions, assuming the allegations were true, we do not see them as rising to the level of outrageousness necessary for tortious liability. The emo-

tional and financial distress caused by a spouse's fraud and adultery may be very painful and difficult but does not necessarily implicate the tort of outrage. Suitable relief is available under Kentucky's domestic relations laws.

The judgment is affirmed.

All concur.