In the Matter of the Arbitration between ELIZABETH CASHMAN, Mother of MATTHEW CASHMAN, an Infant, Respondent, and NEW HAMPSHIRE MERCHANTS INSURANCE Co., Appellant.— In a proceeding under article 75 of the CPLR to vacate an arbitrator's award, the appeal is from a judgment of the Supreme Court, Suffolk County, entered December 27, 1972, which granted the application, on the ground that the arbitrator's powers had been imperfectly executed, and directed a new arbitration. Judgment reversed, on the law, without costs, petition dismissed on the merits and award reinstated. The provisions contained in CPLR 7511 specify the grounds for setting aside an arbitrator's award. They are exclusive and do not include the arbitrator's failure to state the legal or factual basis for the award (*Matter of Bay Ridge Med. Group* v. *Health Ins. Plan of Greater N. Y.*, 22 A D 2d 807). Nor do we find merit in petitioner's contention that the arbitrator exceeded his powers (*Matter of Decicco* [*Viviano*], 32 A D 2d 541). Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.

In the Matter of WILLIAM G. (ANONYMOUS), Appellant.— In a proceeding which was brought to adjudicate appellant to be a juvenile delinquent, the appeal is from an order of the Family Court, Queens County, dated May 16, 1972 and made after a nonjury trial, which "reduced" the charges to one that appellant is a person in need of supervision, adjudged him to be a person in need of supervision and discharged him "to S 3423/71" (which the parties' briefs state is another pending "person in need of supervision" proceeding). Order reversed, on the law and the facts, without costs, and proceeding dismissed on the law (cf. CPL 470.20, subds. 2, 5). Although the order stated that the petition was "reduced", as above mentioned, the allegation in the petition as to what appellant's acts in question were was not changed. In our opinion, the violations charged in the juvenile delinquency petition were not established. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.