■ V.J.V. TRANSPORT CORP. et al., Respondents, v VICTOR SANTIAGO et al., Appellants.—In an action to recover damages for the conversion of corporate funds and assets, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Gura-

hian, J.), entered June 12, 1987, as, upon a jury verdict, is in favor of the plaintiffs and against them in the aggregate principal sum of $130,500 in punitive damages.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to an agreement, the plaintiff Victor Lopez and the defendant Victor Santiago in 1985 incorporated V.J.V. Transport Corp. (hereinafter VJV) for the purpose of enabling them to carry on business together as gasoline brokers and retailers and to engage in the delivery of gasoline. At the time of the formation of the company, Lopez, an independent gasoline broker by profession, was the lessee and manager of a gas station, and Santiago was the owner operator of a gasoline truck. Under the agreement the profits derived from the gas station, subject to the payment of a certain debt, in addition to the profits from the operation of the truck, and brokerage sales, were to be invested in VJV. Santiago and Lopez were appointed president and secretary respectively of VJV. Santiago's wife, Judith, kept the books and records of VJV and had access to its bank accounts and authority to issue checks. Victor Santiago's brother Jorge was placed in charge of the gas station. He collected cash and was responsible for the records. In January 1986 VJV purchased a gasoline truck for $8,000. In or about March 1986 Lopez discovered that no records were being kept of cash received from either the trucking operations or from the gas station and suspected that VJV funds were being converted by the Santiagos. At this time Eric Soto, Victor Santiago's cousin, incorporated Trucking Power Corporation (hereinafter Power). Soto, Victor Santiago and Judith Santiago were appointed president, vice president and secretary respectively of Power. Thereafter Victor Santiago and Soto fraudulently transferred the truck owned by VJV, which was its only asset, to Power. Both trucks were used by Power to carry on a gasoline sales and delivery business, servicing accounts previously serviced by VJV.

The plaintiffs brought this action, and, after a trial, the jury returned a verdict in favor of the plaintiffs, finding that the defendants had fraudulently converted corporate funds and assets, and awarding compensatory and punitive damages.

On appeal the defendants contend that the jury verdict awarding punitive damages was erroneous. We disagree. An award of punitive damages is justified where the defendants' fraudulent conduct is gross, wanton or deliberate and demonstrates a high degree of moral culpability *(see, Giblin v Murphy,* 73 NY2d 769; *Walker v Sheldon,* 10 NY2d 401, 405).

Moreover, in cases such as this, it is not necessary to prove that the fraud was aimed at the public generally in order to justify an award of punitive damages *(see, Borkowski v Borkowski,* 39 NY2d 982; *Giblin v Murphy, supra).* Review of the record discloses that the defendants' acts were gross, wanton, deliberate, evinced a reckless disregard for the plaintiffs' rights, and, moreover, attained that high degree of moral culpability required to justify an award of punitive damages. Accordingly, the jury's verdict awarding punitive damages was justified. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.