■ HEALTH-CHEM CORPORATION, Respondent, v MARVIN

ADLER, Defendant and Third-Party Plaintiff-Appellant. MARVIN M. SPEISER et al., Third-Party Defendants-Respondents. HEALTH-CHEM CORPORATION, Respondent, v GERALD BLANK, Defendant and Third-Party Plaintiff-Appellant. MARVIN M. SPEISER et al., Third-Party Defendants-Respondents. [607 NYS2d 636] —Orders, Supreme Court, New York County (Beatrice Shainswit, J.) entered August 11, 1993, which, *inter alia,* granted third-party defendants' motions to dismiss the third-party complaints for failure to state a cause of action, and denied the defendants' cross motions to transfer the matters to another Justice, unanimously affirmed, with costs.

We agree with the IAS Court that the earlier ruling by another Justice permitting service of the third-party complaints did not constitute a determination on the sufficiency thereof since leave of the court is not required to institute a third-party action (CPLR 1007). Accordingly, there is no merit to defendants' contentions that the orders on appeal overruled law of the case and that the matters should have been transferred to the other Justice. On the merits, the first cause of action in the third-party complaints does no more than reiterate the defense interposed in the main actions such that if the defense is successful there would be no underlying liability to support a cause of action for indemnification. The second cause of action for malicious prosecution may not be maintained before termination of the main actions in defendants' favor. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.