■ ROBERT W. SCHUBERT, Respondent, v EDWARD M. MAR-WELL et al., Appellants. [630 NYS2d 547] —In an action, *inter alia,* for specific performance of an alleged joint venture agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered February 17, 1994, as denied those branches of their motion which were to dismiss the complaint insofar as it is asserted against Curtis Massi Elektronik GmbH for lack of personal jurisdiction, to dismiss the second and fourth causes of action, and to strike the demand for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree that personal jurisdiction was obtained over the defendant Curtis Massi Elektronik GmbH (hereinafter Curtis Massi) since that defendant is a department of its parent corporation, defendant Curtis Instruments, Inc. (hereinafter Curtis) *(see, Delagi v Volkswagenwerk AG., 29 NY2d 426; Public Adm'r of County of N. Y. v Royal Bank,* 19 NY2d 127). Curtis Massi was wholly owned by Curtis, and Curtis exerted considerable control over its executive personnel and its marketing and operational policies. In addition, Curtis Massi was financially dependent on its parent Curtis for infusions of working capital, as exhibited by a working capital loan by Curtis to Curtis Massi of 1,000,000 deutsche marks. In addition, the record indicated that the acquisition of the so-called "counter/timer assets" was premised upon Curtis' commitment to expend substantial sums for working capital and for research and product development *(see, Frummer v Hilton Hotels Intl.,* 19 NY2d 533, *rearg denied* 20 NY2d 758, *cert denied* 389 US 923; *Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97; *see also, Volkswagenwerk AG. v Beech Aircraft Corp.,* 751 F2d 117; *cf., Porter v LSB Indus.,* 192 AD2d 205).

The court also correctly declined to dismiss the fourth cause of action sounding in fraud, as it contained factual allegations which, taken together, manifested a cause of action cognizable at law *(see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633). Because the documentary evidence submitted by the defendants is contested, and it does not dispose of the matter completely, it does not mandate dismissal of the fraud cause of action *(see, Juliano v McEntee,* 150 AD2d 524).

In light of the claims of the existence of a fiduciary duty and a breach of that duty, the demand for punitive damages was

not improper as a matter of law, and it was proper not to strike it at this time *(see, Giblin v Murphy,* 73 NY2d 769; *V.J.V. Transp. Corp. v Santiago,* 173 AD2d 537).

We have examined the remainder of the defendants' contentions and find them to be without merit. Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.