■ ARTHUR GOLDMARK, Respondent, v KEYSTONE & GRADING CORP. et al., Appellants. [640 NYS2d 89] —Order of the Supreme Court, New York County (Carol H. Arber, J.), entered on June 1, 1994, which vacated the arbitration award in favor of re-

spondent Keystone & Grading Corp., is unanimously reversed, to the extent appealed from, without costs or disbursements, the petition dismissed and the award confirmed.

Petitioner sought arbitration with the National Futures Association of a dispute with respondents over trading losses in futures. Ninety-one days after service upon him of a copy of the arbitration award from the National Futures Association dismissing his claims and requiring him to pay $25,000 to respondent Keystone, petitioner Goldmark sought an order to show cause why the award should not be vacated. Although the order, by its terms, directed that respondents be personally served with a copy of the order *and* the papers upon which the order was granted, the petitioner simply mailed a copy of the order without any other documents including the petition and accompanying affidavit. After a hearing, at which the respondents appeared, the Supreme Court rejected a jurisdictional challenge by respondents and vacated the arbitration award. Thereafter, in granting a motion to reargue, the Supreme Court confirmed that part of the arbitration award which had dismissed petitioner's claims but adhered to its vacatur of the portion which awarded respondent Keystone $25,000.

The Supreme Court excused the defective service of the order to show cause on the grounds the petitioner was acting *pro se*, and that respondents had actually appeared. This was erroneous. "A *pro se* litigant acquires no greater rights than those of any other litigant and cannot use such status to deprive defendant of the same rights as other defendants" (*Brooks v Inn at Saratoga Assn.*, 188 AD2d 921). Moreover, the fact that respondents received actual notice did not invest the court with jurisdiction. Notice received in a manner other than that authorized by statute does not confer jurisdiction (*Macchia v Russo*, 67 NY2d 592, 595). Pursuant to statute (CPLR 304, 403 [d]), "the mode of service provided for in the order to show cause is jurisdictional in nature and must be literally followed" (*Matter of Bell v State Univ.*, 185 AD2d 925).

Even assuming the IAS Court was not deprived of personal jurisdiction over respondents, the fact the arbitrator failed to state the legal or factual basis for the award was insufficient to vacate or modify it since the grounds set forth in CPLR 7511 for vacating an arbitrator's award are exclusive and do not include a failure to state the legal or factual basis for the award (*Matter of Cashman [New Hampshire Merchants Ins. Co.]*, 42 AD2d 732). Petitioner failed to make a showing that any of the grounds for vacating or modifying the award set forth in CPLR 7511 were present, and, therefore, the IAS Court should have

dismissed the petition. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.