■ JOSEPH F. DONLEY, Appellant, v GATEWAY 2000, INC., Respondent. [697 NYS2d 326] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered February 16, 1999, which denied his motion for leave to enter a judgment upon the defendant's default in appearing, and granted the defendant's cross motion to dismiss the complaint on the ground that service was improper and no jurisdiction was obtained.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of its cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), the defendant, Gateway 2000, Inc., asserted, *inter alia,* that service of process pursuant to CPLR 311 (a) (1) was defective because the individual to whom the summons and complaint were delivered was neither its employee nor an agent authorized by appointment or law to accept service on its behalf. The defendant asserted that the individual who was served is an employee of Gateway Country Stores, Inc., a separate corporate entity, and not its agent for the purpose of accepting service of process. No evidence was submitted by the plaintiff tending to show that Gateway Country Stores, Inc., is a wholly-owned subsidiary of the defendant, or is so dominated by the defendant that it acts as a "mere department" of the defendant (*see, Delagi v Volkswagenwerk AG,* 29 NY2d 426, 431; *Public Adm'r of County of N. Y. v Royal Bank,* 19 NY2d 127; *Taca Intl. Airlines, S.A. v Rolls-Royce of England,* 15 NY2d 97, 102; *Schubert v Marwell,* 218 AD2d 693; *Derso v Volkswagen of Am.,* 159 AD2d 937; *Low v Bayerische Motoren Werke, AG,* 88 AD2d 504, 506). Under these circumstances, the motion was properly denied, and the complaint was properly dismissed. O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.