OPINION OF THE COURT
David B. Vaughan, J.
In this action by plaintiff Brenda Adelman, as executrix of the estate of Barbara Adelman, deceased (plaintiff), to recover damages for wrongful death, defendant Gerald Adelman (defendant) moves, after trial, for an order, pursuant to CPLR 4404 (a), setting aside the jury verdict to the extent that it awarded punitive damages to plaintiff, and dismissing the complaint. (Defendant’s simultaneous motion, by order to show cause, for an order, pursuant to CPLR 2201, staying the entry of a judgment on and the enforcement of the jury’s verdict, pending the determination of this motion, was heretofore granted.)
Defendant and the decedent, Barbara Adelman, were husband and wife, and resided together in Brooklyn, New York. On October 1, 1995, at their marital residence, defendant caused the death of Barbara Adelman, who was then 56 years old, by shooting her in the head with a gun. On December 12, 1995, defendant was arrested, indicted, and charged with the crime of murder in the second degree under Penal Law § 125.25, and, on July 2, 1996, defendant was convicted by a plea of guilty of the crime of manslaughter in the second degree under Penal Law § 125.15 for recklessly causing Barbara Adel-man’s death. On September 9, 1996, defendant was sentenced to imprisonment for a term of 16 months to 4 years.
Barbara Adelman was survived by her two adult children, Brenda Adelman and Warren Rosenzweig. Brenda Adelman qualified as the executrix of Barbara Adelman’s estate, and, on August 29, 1997, she brought this wrongful death action against defendant. The complaint sought to recover compensatory damages of $2 million for the alleged loss by Brenda Adel-man and Warren Rosenzweig, as the distributees of Barbara Adelman’s estate, of financial support, resulting from the death of their mother. In addition, the complaint alleged that defendant had wantonly, willfully, recklessly, and maliciously killed Barbara Adelman, and it sought punitive damages in the amount of $5 million.
By order dated January 28, 1998, the court granted a motion by plaintiff for partial summary judgment on the issue of *283 defendant’s liability for Barbara Adelman’s wrongful death, without any opposition by defendant. Thereafter, on December 13, 2001, the issue of damages to be assessed against defendant was tried before a jury.
Plaintiff presented three witnesses at the trial of this action. She and her brother, Warren Rosenzweig, testified concerning their pecuniary losses. Plaintiffs third witness was Charles V. Wetli, M.D., the Chief Medical Examiner of Suffolk County, an expert in gunshot wounds, who testified, on the issue of punitive damages, as to the circumstances surrounding the gunshot death of Barbara Adelman based upon the autopsy report of the New York City Medical Examiner. Specifically, he testified that the actual cause of Barbara Adelman’s death was a close-range gunshot wound to her head with perforations of the skull and brain, and that the manner of her death was a homicide. He stated, based upon the autopsy report, that due to the trajectory of the bullet, he could conclude that Barbara Adel-man’s wound resulted from an intentionally inflicted gunshot, and he also concluded that her death was instantaneous. Defendant did not appear at or testify at the trial.
Prior to submitting the case to the jury, this court prepared and handed to the attorneys for the parties a prepared verdict sheet, containing two interrogatories which, in pertinent part, provided:
“1. State the total amount of economic loss, if any, to plaintiffs:
Amount
Name
Brenda Adelman ..................................... $_
Warren Rosenzweig.................................. $_
* * *
NOTE: Proceed to Question #2.
2. State the amount awarded to the plaintiffs, if any, for punitive damages:
Defendant’s counsel did not object to this verdict sheet, which was substantially the same as the proposed verdict sheet previously submitted to the court by such counsel, nor did defendant’s counsel object to the court’s proposed charge to the jury on the issue of punitive damages. After hearing all of the testimony and evidence presented and duly deliberating *284 thereon, the jury rendered a unanimous verdict, making no award for economic loss to Brenda Adelman and Warren Rosenzweig, but awarding $2.25 million in punitive damages in favor of plaintiff and against defendant.
Defendant, in support of his posttrial motion, pursuant to CPLR 4404 (a), argues that the jury’s award of punitive damages must be set aside because punitive damages may not be awarded absent the recovery of compensatory damages. Specifically, he contends that an award of punitive damages cannot stand alone, but, rather, depends upon and is conditional upon there being a valid claim for and an award of compensatory damages as a prerequisite for such an award. He claims that, therefore, since the jury denied any award for pecuniary loss to either distributee, plaintiff is precluded from receiving an award for punitive damages.
In addressing defendant’s argument, the court notes that punitive damages may be awarded to victims where the wrongful conduct was so depraved or so gross, wanton, malicious, and culpable as to evince utter recklessness, or where it was actuated by evil, reprehensible, or wrongful purposes or motives (Prozeralik v Capital Cities Commercial Communications, 82 NY2d 466, 478-480; Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 204; Giblin v Murphy, 73 NY2d 769, 772; Walker v Sheldon, 10 NY2d 401, 404-405; Lee v Health Force, 268 AD2d 564; Rey v Park View Nursing Home, 262 AD2d 624, 627; V.J.V. Transp. Corp. v Santiago, 173 AD2d 537, 538). Punitive damages are not intended to compensate a victim or his or her survivors for pecuniary loss, pain or suffering, or any other injury (Home Ins. Co. v American Home Prods., supra, 75 NY2d at 203; Walker v Sheldon, supra, 10 NY2d at 404; Le Mistral, Inc. v Columbia Broadcasting Sys., 61 AD2d 491, 494). The purpose of such damages is to punish wrongdoers and to deter others from engaging in similar conduct (Home Ins. Co. v American Home Prods. Corp., supra, 75 NY2d at 203; Walker v Sheldon, supra, 10 NY2d at 404; Le Mistral, Inc. v Columbia Broadcasting Sys., supra, 61 AD2d at 494).
Under the early common law of New York, there could be no recovery for the wrongful death of a person (Ratka v St. Francis Hosp., 44 NY2d 604, 610-611; Kilberg v Northeast Airlines, 9 NY2d 34, 38; Matter of Acquafredda [Czygier], 189 AD2d 504, 507). The New York Legislature, to remedy this injustice, enacted its wrongful death statutes (EPTL 5-4.1 et seq.). A wrongful death action is thus wholly a creature of statute (Matter of Acquafredda [Czygier], supra, 189 AD2d at 507).
*285 EPTL 5-4.3 (a) provides for the recovery of damages for “pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought.” For persons who died prior to September 1, 1982, this was the only damages award available for their wrongful death. Thus, pursuant to EPTL 5-4.3, as it originally existed, the damages which could be awarded for wrongful death were limited to compensation for such pecuniary loss. Consequently, while the law permitted recovery of punitive damages where a victim was merely injured, under this prior law there could be no such recovery where the victim had died.
EPTL 5-4.3 was, therefore, amended in 1982 to add subdivision (b) in order to remedy this inconsistency, inequity, and injustice, whereby a reckless defendant could actually avoid liability for punitive damages by killing his or her victim rather than merely injuring him or her (see, 1982 NY Senate-Assembly Bill S 8620, A 10924; Mem of L Rev Commn, Statement in Support, Bill Jacket, L 1982, ch 100). EPTL 5-4.3 (b) expressly provides: “(b) in addition to damages and expenses recoverable under paragraph (a) above, punitive damages may be awarded if such damages would have been recoverable had the decedent survived.”
Defendant construes the terms “in addition” contained in EPTL 5-4.3 (b) as requiring an award of pecuniary damages as a prerequisite to an award of punitive damages. Such construction of these terms, however, is unsupported and contrary to the plain meaning of the language used.
In the construction of statutes, the intent of language is to be determined from its natural and obvious meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94). The dictionary definition of the terms “in addition” is “besides” or “over and above” (Webster’s Third New Inti Dictionary 24 [Merriam-Webster 1993]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 234, 365). Such definition does not denote any dependency.
Furthermore, in construing a statute, all of its parts must be read together and harmonized with each other to give effect to the general intent of the entire statute (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97-98). Here, the remainder of the sentence of EPTL 5-4.3 (b) provides for an award of punitive damages “if such damages would have been recoverable had the decedent survived.” Punitive damages based upon the wrongful, culpable, and reckless conduct of defendant would have been recoverable by Barbara Adelman had she survived *286 the gunshot injury (see, Walker v Sheldon, supra, 10 NY2d at 404-405; V.J.V. Transp. Corp. v Santiago, supra, 173 AD2d at 538). Her children, however, would not be distributees and would, therefore, not have had a claim, as such, for economic losses sustained by them because of their mother’s personal injuries. Thus, the construction sought to be placed on this statute by defendant would produce an absurdity. “A construction which would make a statute absurd will be rejected” (McKinney’s Cons Laws of NY, Book 1, Statutes § 145).
Moreover, “[t]he courts in construing a statute should consider the mischief sought to be remedied by the new legislation, and they should construe the act in question so as to suppress the evil and advance the remedy” (McKinney’s Cons Laws of NY, Book 1, Statutes § 95). “A basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute” (McKinney’s Cons Laws of NY, Book 1, Statutes § 96).
In the case at bar, considering the history and ultimate purpose of EPTL 5-4.3 (b) and the result to be accomplished by it, i.e., to remedy the injustice whereby a reckless defendant could avoid liability for punitive damages where his or her victim died rather than where he or she was merely injured, the court finds that defendant’s interpretation of this statute runs counter to this purpose, and would result in a grave injustice. “A statute should be construed in a manner which will not work * * * [an] injustice” (McKinney’s Cons Laws of NY, Book 1, Statutes § 146). “[Nothing short of the most direct and unequivocal expressions will justify the conclusion that the Legislature intended an injustice” (McKinney’s Cons Laws of NY, Book 1, Statutes § 146, at 300).
Additionally, the lack of a requirement of an award of pecuniary damages to a decedent’s distributees under EPTL 5-4.3 (a) as a prerequisite to an award of punitive damages under EPTL 5-4.3 .(b) is further supported by the Federal District Court’s decision in Wartenberg v Aetna U.S. Healthcare (2 F Supp 2d 273, 280 n 6 [ED NY]), wherein that court, in ruling that the defendant in that case had alleged that the plaintiff therein had failed to plead actual damages, found that this would not affect the plaintiff’s claim for punitive damages since, “aside from whatever actual damages that [the plaintiff was] seeking, under New York law, [a] plaintiff can in an appropriate case recover punitive damages in a wrongful death action” (emphasis supplied).
*287 Defendant also argues that Barbara Adelman could have received punitive damages only if she had received compensatory damages, and that plaintiff was required to demonstrate that Barbara Adelman was entitled to compensatory damages. Defendant points out that EPTL 11-3.2 (b) provides that “[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed.” He contends that Barbara Adelman’s action for personal injuries was, therefore, not extinguished upon her death, and that her election not to seek compensatory damages for her pain and suffering and any other personal injuries under EPTL 11-3.2 (b) precludes her from an award of punitive damages.
Defendant’s contention is devoid of merit. A cause of action pursuant to EPTL 11-3.2 (b) based upon personal injuries sustained by a plaintiff which survives the plaintiffs death is completely distinct from a cause of action pursuant to EPTL 5-4.3 to recover damages for wrongful death. “The two causes of actions exist in order to protect the rights of different classes of persons, and the measure of damages in each action is entirely different” (McDaniel v Clarkstown Cent. School Dist. No. 1, 110 AD2d 349, 351). “A wrongful death [cause of] action is brought not on behalf of the decedent’s estate, but rather on behalf of the decedent’s distributees (EPTL 5-4.1), and the damages recoverable are not in compensation for the injury sustained by the decedent, but rather for the injuries suffered by the distributees as a result of the decedent’s death (EPTL 5-4.3)” (George v Mt. Sinai Hosp., 47 NY2d 170, 176; see also, McDaniel v Clarkstown Cent. School Dist. No. 1, supra, 110 AD2d at 351; Baer v Broder, 86 AD2d 881). Thus, since wrongful death actions are not brought “to compensate the decedent or his [or her] estate for the pain and suffering attendant to the injury, but rather to recover, on behalf of decedent’s distributees, the pecuniary value of the decedent’s life,” such an action may be asserted independently of and without the necessity of bringing any claim for damages for personal injuries under EPTL 11-3.2 (McDaniel v Clarkstown Cent. School Dist. No. 1, supra, 110 AD2d at 351-352).
Moreover, under EPTL 11-3.3 (a), “[w]here an injury causes the death of a person the damages recoverable for such injury are limited to those accruing before death and shall not include damages for or by reason of death.” Here, since Barbara Adel-man died instantly from the gunshot wound to her head, there was no pain and suffering, medical expenses, or other damages *288 sustained by her which accrued prior to her death for which her estate could have sought recovery under EPTL 11-3.2 (b). Thus, plaintiff elected not to bring an action under EPTL 11-3.2 (b) and her failure to do so does not preclude the recovery for wrongful death under EPTL 5-4.3 (b) (see, George v Mt. Sinai Hosp., supra, 47 NY2d at 176; McDaniel v Clarkstown Cent. School Dist. No. 1, supra, 110 AD2d at 352). Indeed, if such failure did preclude a punitive damages award, as urged by defendant, the result would be that a claim for punitive damages could be sustained where a defendant’s victim sustained pain and suffering prior to his or her death, but that such a claim would be extinguished where the victim’s death was instantaneous. Defendant’s claim that there was no testimony at trial to suggest that Barbara Adelman was killed instantly lacks merit. As stated above (and as revealed from the trial transcript), Dr. Charles V. Wetli testified that Barbara Adel-man’s death “was instantaneous” (transcript at 77).
Defendant’s contention that plaintiff failed to establish a valid claim for wrongful death is also without merit. As noted above, plaintiff was granted summary judgment on the issue of liability on her wrongful death claim. The necessary elements to sustain such cause of action were thus established as a matter of law (see, CPLR 3212 [b], [e]). Defendant’s argument that the award of summary judgment did not obviate plaintiff’s duty to prove compensatory damages on behalf of Barbara Adelman and/or her distributees is rejected. Plaintiff was found by the jury to have established her right to punitive damages, and, as discussed above, she was not required to also prove compensatory damages to sustain this award (see, EPTL 5-4.3).
Defendant further argues that the verdict as to punitive damages must be set aside because a punitive damages award of $2.25 million is irrational and, in the absence of any compensatory damages, is so excessive as to violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant, relying upon the United States Supreme Court decision in BMW of N. Am. v Gore (517 US 559, 580-582), contends that a punitive damages award is required by the United States Constitution to bear a relation to the amount of the compensatory damages awarded, and that since, here, there was no award for compensatory damages for the loss of financial support to Barbara Adelman’s distributees, the jury verdict as to punitive damages must be set aside.
Defendant’s argument is unavailing. In the context of a wrongful death action, which, as noted above, is solely a statu *289 tory cause of action, a punitive damages award need not relate to the loss of financial support to the decedent’s distributees (see, EPTL 5-4.3 [b]). Rather (as previously discussed), punitive damages may be awarded based upon the defendant’s wrongful conduct towards the victim. It cannot be seriously disputed that there was great actual harm inflicted on Barbara Adelman and that the act committed by defendant in taking the life of Barbara Adelman was wrongful, culpable, and evinced recklessness so as to justify an award of punitive damages (see, Walker v Sheldon, supra, 10 NY2d at 404-405; V.J.V. Transp. Corp. v Santiago, supra, 173 AD2d at 538). Furthermore (as stated above), punitive damages are awarded to punish the wrongdoer and to deter him or her and others from future misconduct of like culpability (see, Home Ins. Co. v American Home Prods. Corp., supra, 75 NY2d at 204; Le Mistral, Inc. v Columbia Broadcasting Sys., supra, 61 AD2d at 494).
Defendant additionally claims that the punitive damages award in this case does not bear any relation to previous punitive damages awards in similar cases because punitive damages awards of this magnitude are generally not sustained for a “single act” of wrongful death. The cases cited by defendant, however, are distinguishable from and do not involve facts similar to the instant case, and while defendant’s attorney asserts that defendant “at most committed one reckless act,” such reckless act consisted of a serious crime in which Barbara Adelman was killed. Under these circumstances, the court does not find that the award was so excessive with respect to the actual harm suffered as to violate due process.
Since the court finds that the punitive damages award may be sustained based upon the foregoing, it is unnecessary to address the issue, raised by plaintiff, of whether defendant had waived his right to set aside this award due to his attorney’s failure to object to the verdict sheet and the jury charge, which did not make such an award conditional on an award of pecuniary damages (see, King v Macri, 993 F2d 294, 297-298 [2d Cir]; Welch v Mr. Christmas, 57 NY2d 143, 149-151).
Accordingly, defendant’s motion for an order, pursuant to CPLR 4404 (a), setting aside the jury verdict to the extent that it awarded punitive damages, and dismissing the complaint, is denied.