■ Bik Ying Lau, Respondent, v Yat Tang Ng, Appellant. [755 NYS2d 617] —Order, Supreme Court, New York County (Judith Gische, J.), entered September 27, 2001, which, in an action for divorce, denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

The order to show cause that initiated the motion, which was mailed by defendant to Supreme Court from prison, directed "Personal Service" on plaintiff's attorney and, since defendant was seeking poor person relief, the Corporation Counsel. Defendant served the order to show cause on plaintiff's attorney by certified mail, but provides no proof of service of any kind on the Corporation Counsel. Even if the certified mail service on plaintiff's attorney were deemed compliant with the order to show cause, either because certified mail is not by definition excluded as a mode of "personal service" (*cf.* CPLR 308 [5]), or because defendant's confinement in prison and pro se status warrant that he be given some leeway with respect to service (*see Sackinger v Nevins*, 114 Misc 2d 454, 460 [1982], citing *Haines v Kerner*, 404 US 519, 520 [1972]; *but cf. Goldmark v Keystone & Grading Corp.*, 226 AD2d 143 [1996]), defendant's failure to provide any proof of service on the Corporation Counsel requires denial of the motion. Concur— Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.