■ In the Matter of KYLE JIGGETTS, Appellant, v MTA METRO-NORTH RAILROAD et al., Respondents. [993 NYS2d 699]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered July 1, 2013, granting respondents' cross motion to dismiss the petition to set aside a determination of nonparty New York State Division of Human Rights (DHR), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The proceeding was properly dismissed on the basis that no personal jurisdiction was acquired over respondents. Petitioner failed to comply with CPLR 311 (a) (1), which requires that the process server tender process directly to an authorized corporate representative, rather than an unauthorized person who later hands the process to an officer or other qualified representative (see e.g Donley v Gateway 2000, 266 AD2d 184 [2d Dept 1999]).

Petitioner also failed to properly effectuate service of process by mail. Although he mailed the summons and petition to respondents, he did not include two copies of a "statement of

service by mail" and an "acknowledgement of receipt" as required by CPLR 312-a (a) (*see Matter of Bokhour v New York City School Constr. Auth.*, 70 AD3d 684 [2d Dept 2010]).

Petitioner's status as a pro se litigant does not excuse the defective service (*see Goldmark v Keystone & Grading Corp.*, 226 AD2d 143 [1st Dept 1996]), and the fact that respondents received actual notice does not confer jurisdiction upon the court (*id.*).

Dismissal of the proceeding was also appropriate based on petitioner's failure to name DHR, a necessary party, as a respondent (*see* 22 NYCRR 202.57 [a]; *Matter of Rumman v Duane Reade*, 64 AD3d 715 [2d Dept 2009]). Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.