■ ALESSANDRO CALASTRI, Appellant-Respondent, v HANNAH OVERLOCK, Respondent-Appellant. [5 NYS3d 24]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 29, 2014, to the extent it granted defendant's motion for partial summary judgment dismissing plaintiff's false arrest claim, denied plaintiff's cross motion for summary judgment dismissing defendant's counterclaims for conversion and frivolous claims (CPLR 8303-a), granted in part plaintiff's motion to compel, and denied defendant's motion to amend her amended answer to allege malicious prosecution, unanimously modified, on the law, the counterclaims for conversion and frivolous claims dismissed, and otherwise affirmed, without costs. Appeal from aforementioned order, insofar as it compels defendant to produce medical authorizations, unanimously dismissed, without costs, as moot.

The court properly dismissed plaintiff's false arrest claim. Plaintiff did not dispute before the trial court that his guilty plea to one count of criminal mischief in the fourth degree, stemming from a September 21, 2011 incident, was in full satisfaction of charges in the misdemeanor complaint, including those relating to his February 21, 2012 arrest. As a result, plaintiff's plea constitutes probable cause for his arrest and thus provides defendant an affirmative defense to his false arrest claim (*Marrero v City of New York*, 33 AD3d 556, 556-557 [1st Dept 2006]; *Bennett v New York City Hous. Auth.*, 245 AD2d 254, 254 [2d Dept 1997]; *Lluberes v City of Troy*, 2014 WL 1123413, *15, 2014 US Dist LEXIS 39799, *49 [ND NY 2014]). Plaintiff's argument that a more detailed court colloquy or plea allocution is required before such a plea can be deemed to dispose of a false arrest claim might be relevant to the validity of his plea, but his remedy then lies in challenging his guilty plea in the criminal proceeding, which was pending for nearly 16 months when he pleaded guilty with the advice of counsel.

The court did not abuse its discretion in denying defendant's motion for leave to amend her answer to allege a malicious prosecution counterclaim. Only plaintiff's false arrest claim was dismissed, the other claims against defendant are still

pending, and thus the action has not yet terminated favorably to her (CPLR 3025 [b]; *McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012]; *MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]; *see also Health-Chem Corp. v Adler*, 201 AD2d 326, 327 [1st Dept 1994]; *Flaks, Zaslow & Co. v Bank Computer Network Corp.*, 66 AD2d 363, 366 [1st Dept 1979], *appeal dismissed* 47 NY2d 951 [1979]).

The court should have dismissed defendant's conversion counterclaim, as it was duplicative of her trespass to chattel counterclaim, as the former arose from the same facts as the latter and alleges the same damages (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [1st Dept 2003]).

The court also should have dismissed defendant's purported counterclaim seeking costs for bringing a frivolous action pursuant to CPLR 8303-a (a), as no independent cause of action exists under that provision (*Cerciello v Admiral Ins. Brokerage Corp.*, 90 AD3d 967 [2d Dept 2011]).

Finally, the portion of defendant's cross appeal challenging the court's order directing her to produce authorizations for the exchange of medical information without requiring that her medical records be designated for "attorney's eyes only" should be dismissed as moot. Apparently, the parties have executed a so-ordered confidentiality stipulation, without an attorneys'-eyes-only provision, and defendant has since produced her medical records to plaintiff. In any case, the court properly denied defendant's request, as she failed to elaborate as to how plaintiff's alleged history of violence toward her necessitated such a restriction (*see Chavoustie v New York Hosp.—Cornell Med. Ctr.*, 253 AD2d 702 [1st Dept 1998], *lv denied* 93 NY2d 805 [1999]). Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ. **[Prior Case History: 2014 NY Slip Op 31105(U).]**