Makhnevich v Board of Mgrs. of 2900 Ocean Condominium (2023 NY Slip Op 03548)

Makhnevich v Board of Mgrs. of 2900 Ocean Condominium

2023 NY Slip Op 03548

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Index No. 654508/19 Appeal No. 573-574-575-576 Case No. 2022-03169, 2021-02859, 2022-02070 

[*1]Stacy Makhnevich, Plaintiff-Appellant,
v
The Board of Managers of 2900 Ocean Condominium et al., Defendants-Respondents. 

Stacy Makhnevich, appellant pro se.
Boyd Richards Parker Colonnelli, New York (Bryan J. Mazzola of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 21, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 15, 2021, which, to the extent appealable, denied plaintiff's motion to renew defendants' motions, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 28, 2022, which denied plaintiff's motion to resettle or clarify the November 15, 2021 order, unanimously dismissed, without costs, as taken from a nonappealable paper.
Despite the procedural defects in the initial orders, the motion court properly dismissed the complaint in its entirety against both defendants. Contrary to plaintiff's contention, the July 21, 2021 order dismissing the complaint was not issued sua sponte. While the court issued prior orders entered March 12, 2021 and May 4, 2021 denying in part defendants' motions to dismiss, by order dated May 28, 2021, the court sua sponte vacated the May 4, 2021 order based upon its reference to an oral argument that was never held and then scheduled oral arguments on the motions. Plaintiff did not seek to vacate the May 28, 2021 order of vacatur.
Because the July 21, 2021 order resolved the two motions on notice by defendants to dismiss the complaint, and specifically addressed the arguments raised by plaintiff, we do not find that the order was issued sua sponte (see Sholes v Meagher, 100 NY2d 333, 335 n 2 [2003]). In any event, plaintiff moved to vacate and reargue the July 21, 2021 order, which was properly denied by the motion court's November 15, 2021 order. Because an order denying reargument is not appealable as of right under CPLR 5701(a)(2), by order entered October 20, 2022, this Court dismissed plaintiff's appeal from that part of the November 15, 2021 order (see 2022 NY Slip Op 73263[U] [1st Dept 2022]).
On the merits, the court correctly dismissed the complaint against defendant Board of Managers of 2900 Ocean Condominium for lack of personal jurisdiction (CPLR 3211[a][8]). It is undisputed that plaintiff sought to serve the Board by delivering the summons and complaint to a paralegal at the managing agent's office. As the motion court found, this is not proper service on an unincorporated association under General Associations Law § 13, which requires service of process on an officer of the unincorporated association "in the manner provided by law for the service of a summons on a natural person" (General Associations Law § 13; see also CPLR 308). Because delivery to an employee at the managing agent's office does not constitute service upon a board member pursuant to a method of service provided under CPLR 308, service on the Board was not proper (see e.g. Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414, 415 [1st Dept 2014]). Plaintiff failed to submit sufficient [*2]evidence to substantiate her claim that the condominium was an incorporated entity so as to warrant a traverse hearing.
The complaint was also properly dismissed against defendant managing agent Randy Sulzer. As to the negligence claim, the court correctly determined that, as an agent for a disclosed principal, Sulzer could not be held liable absent affirmative negligence on her part (see e.g. McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 537 [1st Dept 2018]; see also Pelton v 77 Park Ave. Condominium, 38 AD3d 1, 11 [1st Dept 2006]). The breach of fiduciary duty claim fails because "the managing agent is a fiduciary as to the condominium, but not as to the individual unit owners" (Caprer v Nussbaum, 36 AD3d 176, 191 [2d Dept 2006]). With respect to the fraud claim, plaintiff failed to plead with sufficient particularity the alleged misrepresentations upon which she relied and the extent of her damages (see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
Although, as noted, we previously dismissed plaintiff's appeal from the part of the November 15, 2021 order denying reargument, we affirm the balance of the order because plaintiff failed to present new facts on which to base renewal (CPLR 2221[e][2]). With respect to plaintiff's appeal from the March 28, 2022 order denying her motion to resettle or clarify the November 15, 2021 order, that appeal is dismissed,
as no appeal lies from an order denying resettlement or clarification of an order (see e.g. Fresco v 157 E. 72nd St. Condominium, 2 AD3d 326, 329 [1st Dept 2003]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023