Carney v Metropolitan Transp. Auth. (2023 NY Slip Op 05679)

Carney v Metropolitan Transp. Auth.

2023 NY Slip Op 05679

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 100219/19 Appeal No. 1007 Case No. 2023-01797 

[*1]Ashley D. Carney, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants.

Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Ashley D. Carney, respondent pro se.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered March 21, 2023, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(8), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this personal injury action on February 19, 2019, by filing a summons and complaint. Plaintiff contends that she served defendants by mailing the summons and complaint by first-class mail on June 24, 2019.
Plaintiff first moved for a default judgment on May 21, 2021, but her motion was denied by Order of Supreme Court, New York County (Suzanne Adams, J.) dated October 28, 2021. By notice of motion dated February 15, 2022, plaintiff moved for leave to renew her motion for a default judgment. Defendants opposed.
On December 12, 2022, defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction due to plaintiff's failure to serve the summons and complaint in compliance with CPLR 312-a(a). Plaintiff did not oppose defendants' motion.
As to plaintiff's motion, Supreme Court granted renewal but declined to issue a default judgment. Supreme Court denied defendants' motion as untimely.
CPLR 312-a(a) provides "an alternative to the methods of personal service authorized" elsewhere in the CPLR by permitting service of a summons and complaint "by first class mail, postage prepaid. . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." "Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender" (CPLR 312-a[b][1]). "Where a complaint or petition is served with the summons . . . the defendant shall serve an answer within twenty [20] days after the date the signed acknowledgement of receipt is mailed or delivered to the sender" (CPLR 312-a[b][2]).
Here, service was deficient under CPLR 312-a(a). Defendants submitted affidavits showing that the Metropolitan Transportation Authority (MTA) and MABSTOA were never served with the summons and complaint. Once defendants challenged service, plaintiff had the burden of demonstrating satisfaction of statutory and due process prerequisites (see Stewart v Volkswagen of Am., 81 NY2d 203, 207 [1993]).
Plaintiff admitted that she only provided copies of the summons and complaint to defendants New York City Transit Authority (NYCTA) and MTA Bus Company. However, her affidavit of service indicates that she did not send a statement of service by mail or an acknowledgment of receipt, as required by CPLR 312-a(a), to any defendant, and she does not argue that she ever sent these documents. Mailing the summons and complaint via first-class mail, standing alone, is insufficient to establish service because CPLR 312-a(b) specifies that "service is complete [*2]only if [the] defendant returns a signed acknowledgment of receipt" (Ananda Capital Partners v Stav Elec. Sys. [1994], 301 AD2d 430, 430 [1st Dept 2003]). "[N]otice received by means other than those authorized by statute cannot serve to bring [defendants] within the jurisdiction of the court"(Landsdowne Fin. Servs. v Binladen Telecommunications Co., 95 AD2d 711, 712 [1st Dept 1983] [internal quotation marks omitted]). Thus, service "[w]as never completed and the action was never properly commenced" (Nagy v Heuss House Drop In Shelter for the Homeless, 198 AD2d 115, 115 [1st Dept 1993]; see also Matter of Jiggits v MTA Metro-N. R.R., 121 AD3d 414, 415 [1st Dept 2014] ["Petitioner's status as a pro se litigant does not excuse the defective service"]).
Because plaintiff did not effect valid service of the summons and complaint, defendants' motion to dismiss was timely. The time for MTA or MABSTOA to file an answer or move to dismiss the complaint never started running because plaintiff never served them with any pleading. Similarly, the time for NYCTA and MTA Bus Company to file an answer or move to dismiss never started running because plaintiff did not
include an acknowledgment of receipt with the summons and complaint. Accordingly, Supreme Court erred in finding defendants' motion was untimely and should have granted defendants' motion to dismiss for lack of personal jurisdiction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023