Breton v Dishi (2025 NY Slip Op 00039)

Breton v Dishi

2025 NY Slip Op 00039

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 157760/16 Appeal No. 3411 Case No. 2024-00079 

[*1]Leidy Breton, Plaintiff-Appellant,
v
Avi Dishi, Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho (Renton D. Persaud of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 19, 2023, which granted defendant's motion under CPLR 3025(b) to amend his answer to assert a counterclaim for fraud, unanimously reversed, on the law, and the motion denied, without costs.
Supreme Court should have denied the motion to amend, as the proposed answer, which sought to interpose a counterclaim for fraud, was patently devoid of merit (see Ferrer v Go N.Y. Tours, Inc., 221 AD3d 499, 500 [1st Dept 2023]). The proposed counterclaim is based on allegations that the complaint, which seeks to recover damages for personal injuries, is based on misrepresentations and that plaintiff intended to induce defendant to rely on those misrepresentations so that the parties would settle the action. However, the counterclaim fails to plead the essential element of justifiable reliance with sufficient particularity (CPLR 3016[b]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). In any event, the record makes clear that defendant has not, in fact, relied on plaintiff's alleged misrepresentations, but instead has denied them in his answer and throughout the litigation (see Republic of Kazakhstan v Chapman, 217 AD3d 515, 517 [1st Dept 2023]; Dashdevs LLC v Capital Mkts. Placement, Inc., 210 AD3d 525, 526 [1st Dept 2022]).
Nor did defendant plead damages with sufficient particularity, alleging only that he has incurred significant sums in defending the action (see Makhnevich v Board of Mgrs. of 2900 Ocean Condominium, 217 AD3d 630, 632 [1st Dept 2023]). To the extent defendant is claiming that he has been damaged by having incurred litigation costs as a result of plaintiff's pursuing a fraudulent or frivolous claim, his remedy would be to seek sanctions under CPLR 8303-a; however, that provision does not support an independent cause of action (see Calastri v Overlock, 125 AD3d 554, 555 [1st Dept 2015]).
Defendant's proposed pleading also cannot be construed as stating a valid claim for malicious prosecution because this action has not yet terminated favorably to defendant and thus, any such claim would be premature (see id. at 554-555; Park v State, 226 AD2d 153, 153 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025