Lopuch v Board of Mgrs. of the Morgan Lofts Condominium (2025 NY Slip
Op 50365(U))

[*1]

Lopuch v Board of Mgrs. of the Morgan Lofts
Condominium

2025 NY Slip Op 50365(U) [85 Misc 3d 133(A)]

Decided on March 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 24, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570054/25

Stanislaw Lopuch and Wanda
Lopuch, Plaintiffs-Appellants,

against

The Board of Managers of the Morgan Lofts Condominium,
Defendant-Respondent.

Plaintiffs appeal from an order of the Civil Court of the City of New York, New
York County (Jeffrey S. Zellan, J.), dated September 30, 2024, which granted defendant's
motion for summary judgment dismissing plaintiff's complaint and for judgment on the
counterclaim in the principal sum of $22,494.11, and set the matter down for a hearing
on attorneys' fees.

Per Curiam.

Order (Jeffrey S. Zellan, J.), dated September 30, 2024, affirmed, without costs.

Civil Court properly dismissed the complaint. Plaintiffs sought to serve the
defendant Board by delivering the complaint to a doorman/concierge employed by the
managing agent. As the motion court correctly held, this is not a proper method of
service upon an unincorporated association under General Associations Law § 13,
which requires service of process on an officer of the unincorporated association "in the
manner provided by law for the service of a summons on a natural person" (General
Associations Law § 13; see also CPLR 308). Because delivery to an
employee of the managing agent does not constitute service upon a board member
pursuant to a method of service provided under CPLR 308, service on the Board was not
proper (see Makhnevich v Board of Mgrs. of 2900 Ocean Condominium, 217
AD3d 630, 631 [2023], app dismissed 40 NY3d 1015 [2023]). "[T]he fact that
[defendant] received actual notice does not confer jurisdiction upon the court"
(Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414, 415 [2014]).

In any event, even assuming that plaintiffs established personal jurisdiction, or,
alternatively, that defendant waived their jurisdictional objection by interposing the
counterclaim (see Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993]), the
complaint, seeking damages for breach of the warranty of habitability is properly
dismissed on the merits. The court also properly granted defendant summary judgment
on its counterclaim for outstanding common charges. The statutory warranty of
habitability prescribed by Real Property Law § 235-b does not extend to
condominium unit owners, such as plaintiffs, and does not provide any basis for their
[*2]withholding of common charges in derogation of the
Condominium's bylaws (see Hyman v Able & Ready Appliance Repair
Corp., 193 AD3d 509, 510 [2021]; Residential Bd. of Mgrs. of Century
Condominium v Berman, 213 AD2d 206, 207 [1995]; Frisch v Bellmarc
Mgt., 190 AD2d 383 [1993]).

As the prevailing party, the Civil Court properly found that defendant is entitled to
attorneys' fees as set forth in the Condominium bylaws (see Board of Mgrs. of One
Strivers Row Condominium v Giwa, 134 AD3d 514, 515 [2015]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: March 24, 2025