| Dewald v Pirkyl |
|:---:|
| 2025 NY Slip Op 31893(U) |
| May 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 101082/2023 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. MARY V. ROSADO** | PART |

**HON. MARY V. ROSADO**

*Justice*

PART 33M

------------------------------------------------------------------X

JEROME W DEWALD,

Plaintiff,

- v -

JEFFREY PIRKYL, S&P ASSOCIATES OF NEW YORK, ROSENBERG & ESTIS, P.C, MICHAEL A. PENSABENE, DEBORAH REIGEL, COREY ROSEN, DANIEL KIRSHBLUM, CONSTANTINE CANNON, LLP, ANDREW BERKMAN, JOHN OR JANE DOE,

Defendant.

------------------------------------------------------------------X

INDEX NO. 101082/2023

MOTION DATE 01/24/2024

MOTION SEQ. NO. 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 45, 46, 47, 48, 49

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, and after a final submission date of April 11. 2025, Defendants S&P Associates of New York LLC ("S&P"), Rosenberg & Estis, P.C. ("Rosenberg & Estis"), Jeffrey Pirkl ("Mr. Pirkl"), and Constantine Cannon, LLP's ("Constantine") (collectively "Defendants") motion to dismiss the self-represented Plaintiff Jerome W. Dewald's ("Plaintiff") Amended Complaint pursuant to CPLR 3211(a)(1), (a)(7), and (a)(8), and for sanctions pursuant to 12 NYCRR 130-1.1 is granted in part and denied in part.

## I.    Background

Plaintiff leased an apartment from S&P and is currently litigating two other cases against it. The first litigation is captioned *Dewald v. S & P Associates of New York LLC*, Index No. 654981/2019, which was borne out of S&P's denial of a lease renewal to Plaintiff. The second action is captioned *S & P Associates of New York LLC v Dewald*, Index No. 159779/2023 which arises from Plaintiff allegedly renting out his apartment on Airbnb. Plaintiff also has another case

101082/2023   DEWALD, JEROME W. vs. PIRKL, JEFFREY
Motion No.  003

Page 1 of 5

1 of 5

captioned *Dewald v. Rosenberg & Estis, P.C.*, Index No. 655512/2023 where Plaintiff alleged that Rosenberg & Estis and Deborah Riegel defamed him by telling the New York Post that Plaintiff has not paid rent and lives with a dog in violation of S&P's no-pet policy.[1]

In this action, Plaintiff's original complaint only named Mr. Pirkl. However, he filed an Amended Complaint on November 16, 2023 naming all other defendants and alleging that a temporary restraining order was issued against him by Judge Suzanne Adams in a secretive manner "behind closed doors in the judge's chambers" which he claims gives rise to claims for negligent and intentional infliction of emotional distress. He also alleges the temporary restraining order constituted tortious interference with business relationships since he could no longer rent his apartment on Airbnb. He alleges defamation and fraud based on allegedly false statements made to Judge Adams to obtain the temporary restraining order. He also alleges abuse of process and malicious prosecution based on the temporary restraining order. Finally, he alleges obstruction of justice, civil conspiracy and racketeering based on a vague allegation that everyone, including unnamed New York State Court employees, has conspired against him to issue a temporary restraining order. The Moving Defendants seek dismissal under various grounds, and Plaintiff opposes.

## II. Discussion

### A. CPLR 3211(a)(8)

Constantine, Rosenberg & Estis, and S&P are all dismissed pursuant to CPLR 3211(a)(8). On a motion to dismiss pursuant to CPLR 3211(a)(8), the plaintiff has the burden of showing sufficient evidence through affidavits and other documents that jurisdiction over the defendants is warranted (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 73-74 [1st Dept

---

[1] This action was dismissed based on Plaintiff's failure to properly effectuate service.

**101082/2023  DEWALD, JEROME W. vs. PIRKL, JEFFREY**
**Motion No. 003**

Page 2 of 5

2 of 5

2024]). Here, Plaintiff has not met that burden as to Constantine, Rosenberg & Estis, and S&P. The affidavits of service (NYSCEF Docs. 24-26) reflect that Plaintiff simply mailed the Amended Complaint to Constantine, Rosenberg & Estis, and S&P – however this is insufficient to obtain personal jurisdiction. Plaintiff has failed to produce affidavits of service in opposition to the motion as to any other defendant.

In his opposition papers, Plaintiff reiterates, in fatal fashion, that the Amended Summons and Complaint was only mailed. However, while CPLR 312-a allows for service by first class mail, it also requires two copies of a statement of service by mail and acknowledgment of receipt, with a return envelope, postage prepaid, addressed to the sender to be included. Nowhere in the affidavit of service does it reflect that a return envelope with postage prepaid addressed to Plaintiff was included, nor is there any evidence of an acknowledgment of receipt by Constantine, S&P, or Rosenberg & Estis (*see also Jiggetts v MTA Metro-N. R.R.*, 121 AD3d 414, 414-415 [1st Dept 2014]).

Nor does the affidavit of service comply with CPLR 311(a)(1), which requires service directly on an authorized corporate representative. The affidavit of service merely states a copy of the verified complaint was mailed to Rosenberg & Estis' business address, which is insufficient (*see also Goldmark v Keystone & Grading Corp.*, 226 AD2d 143, 144 [1st Dept 1996]). He also failed to follow the requirements of CPLR 311-a in serving S&P, and CPLR 310-a in serving Constantine, where both provisions require service on a specified representative. Therefore, the Amended Complaint is dismissed against Defendants for lack of personal jurisdiction.

Further, as argued by the Defendants, Plaintiff also failed to effectuate service of the Amended Complaint on the individually named Defendants Pirkl, Michael Pensabene, Deborah Riegel, Daniel Kirshblum, Corey Rosen, and Andrew Berkman, and the time to do so has long

**101082/2023   DEWALD, JEROME W. vs. PIRKL, JEFFREY**                                      **Page 3 of 5**
**Motion No. 003**

3 of 5

since expired. Nor has Plaintiff moved for an extension of time to serve them (*see* CPLR 306-b). Plaintiff only claims to have effectuated service of the original Complaint on Mr. Pirkl, but the record states otherwise, and Plaintiff fails to show that Mr. Pirkl was served with the Amended Complaint. Plaintiff claims Mr. Pirkl was served pursuant to CPLR 308(2). This provision is known as "Deliver-and-Mail" service and requires both in-person delivery and mailing to be complete – if the summons is only mailed, service under CPLR 308(2) has not been effectuated. The mandates of CPLR 308(2) are to be strictly construed, and the failure to properly follow CPLR 308(2)'s procedure constitutes a jurisdictional defect (*AMK Capital Corp. v Plotch*, 230 AD3d 26, 31 [1st Dept 2024] citing *Williams v MTA Bus Co.,* 224 AD3d 467, 468 [1st Dept 2024]). Based on the failure to effectuate service in a timely manner on the individual named defendants, these defendants are dismissed (*see Zeetogroup, LLC v Baker Hostetler, LLP*, 224 AD3d 622, 622-23 [1st Dept 2024]; *Diaz v Nasir*, 228 AD3d 572, 572-73 [1st Dept 2024]).

Although Plaintiff asks the Court for leave to correct any mistake with service, the request is buried in his motion papers and not included in a formal notice of motion or cross-motion, and therefore the Court will not entertain it as it violates CPLR 2214 and 2215 (*see also Onofre v 243 Riverside Drive Corp.*, 232 AD3d 443, 443-44 [1st Dept 2024] citing *Abizadeh v Abizadeh*, 159 AD3d 856, 857 [2d Dept 2018]; *see also Arriaga v Laub Co.*, 233 AD2d 244, 245 [1st Dept 1996]).

Because the Complaint is dismissed pursuant to CPLR 3211(a)(8), the motion to dismiss pursuant to CPLR 3211(a)(1) and (a)(7) is academic. In an exercise of its discretion, the Court denies Defendants request for sanctions, as Plaintiff is self-represented, and this litigation was not protracted.

**101082/2023   DEWALD, JEROME W. vs. PIRKL, JEFFREY**
**Motion No.  003**

Page 4 of 5

4 of 5

[* 4]

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss pursuant to CPLR 3211(a)(8) is granted, and Plaintiff's Amended Complaint is dismissed against all defendants for failure to properly effectuate service; and it is further

ORDERED that Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is denied as academic; and it is further

ORDERED that Defendants' motion for sanctions is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/29/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | | |
| | [ ] GRANTED | [ ] DENIED | [x] GRANTED IN PART | | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | | [ ] REFERENCE |

**101082/2023   DEWALD, JEROME W. vs. PIRKL, JEFFREY**
**Motion No.  003**

**Page 5 of 5**

5 of 5